# Blackburn *versus* Ormsby.

*Affidavit of Defence, Certainty required in.—Accord and Satisfaction, when available as a Defence.—Tender of Accord insufficient.—Agreement to give Time, when binding.*

1. An accord between a debtor and creditor, in order to be available as a defence, must be fully executed. Readiness to perform or an offer of performance is not enough.

2. An agreement by a creditor, upon sufficient consideration, to give his debtor time to pay a debt, is, in an action to recover the debt by the creditor, an available defence, not by way of accord and satisfaction, but as showing that, at the institution of the suit, the plaintiff had no legal right of action.

3. In an action upon two promissory notes, the defendant filed an affidavit of defence, alleging a prior agreement on the part of the plaintiff to forbear proceedings on the said notes and to give time for payment, provided he would give a mortgage on sufficient real estate to secure his whole debt to plaintiff (of which the notes were part), pay certain costs and give a note with endorsers for extra interest, &c.; that he paid the costs, had the mortgage and note prepared, and "with these documents offered plaintiff to carry out his agreement with him in good faith and to its full extent," but that plaintiff refused said bond and mortgage and note, on the ground that the real estate proposed as security was not sufficient in value, whereas he the defendant averred the contrary to be true: the court below having entered judgment for want of a sufficient affidavit of defence, on writ of error it was *held:* That, by the agreement, the defendant was bound to produce and exhibit the mortgage to the plaintiff or his counsel to judge of its sufficiency, of which the defendant was not the judge; that as the affidavit did not aver a tender of the note and mortgage, and that an opportunity was given the plaintiff to

5 WR.—7

[Blackburn *v.* Ormsby.]

judge of its sufficiency; it was not sufficient, and that the entry of judgment in the court below was not error.

ERROR to the District Court of *Allegheny county*.

This was an action of *assumpsit* brought to August Term 1861, by Oliver Blackburn against Oliver H. Ormsby.

The plaintiff declared on two promissory notes of defendant, one for $850, and the other for $2350, both falling due on the 16th of July 1861, and filed an affidavit of his cause of action as required by the rules of court.

On the 10th of August 1861, the defendant filed an affidavit of defence to a recovery on the note for $850, averring that the plaintiff, on or about the 21st day of June last, agreed with defendant to forbear all proceedings on said note when due, and on certain other specified notes of defendant, held by him, amounting in all on their face to $8875, and to give defendant, and also Caroline Ormsby, an endorser on one of them, one and two years to pay the amount thereof, and to discontinue, on defendant's paying costs, a suit then brought by him on certain of said notes, provided defendant would give or procure for said plaintiff a mortgage on sufficient real estate to secure the said amount payable in two equal annual instalments from the date thereof with interest; and would also give said plaintiff his (defendant's) note, endorsed by R. & J. Watson, for extra interest at rate of one half per cent. a month on said amount for the time of said extension. The said defendant, on the faith of said agreement, paid said costs, and without delay, except what was caused by plaintiff's illness and defendant's consequent inability to communicate with him, procured a mortgage to be executed by said Caroline Ormsby (in whose behalf equally with his own said agreement had been made) upon certain real estate in this county, securing defendant's bond for the aggregate amount of said notes, payable as above agreed; said bond and mortgage being in favour of said plaintiff, and the said real estate being, as defendant averred, abundantly sufficient as a security for the amount proposed. That defendant also procured a note of his own, to be endorsed by R. & J. Watson for extra interest as above specified. And with these documents defendant, before the bringing of this suit, offered plaintiff to carry out his agreement with him in good faith and to its full extent. But that plaintiff utterly refused said bond and mortgage and note, simply on the ground that the real estate proposed as security was not sufficient in value; whereas the defendant averred that the contrary was true.

On the 24th of August 1861, a rule was granted on the defendant to show cause why judgment should not be entered against him for want of a sufficient affidavit of defence, the

[Blackburn *v.* Ormsby.]

plaintiff's counsel averring that the affidavit filed was evasive, and disclosed no sufficient defence.

On argument the court below made the rule absolute; whereupon the defendant sued out this writ, and assigned for error the entering of judgment in disregard of the affidavit of defence.

*H. Burgwin,* for plaintiff in error.—The objection to the plea of accord and satisfaction, not executed by acceptance, is founded on the technical ground that such plea amounts merely to the substitution of one cause of action for another. But it does not hold good when, as here, the original debt was not due at the time of the accord (Chit. Cont. 762), nor when, as here, a third person becomes party to the agreement: Henderson *v.* Stobart, 5 Exch. 99.

But whether, under our Pennsylvania system of equitable defence, the rule held in England and other states, in regard to the plea of accord and satisfaction unexecuted, would be sustained, when there was a readiness and offer to perform by defendant and refusal by plaintiff, is doubtful. Be this as it may, our defence in this case was not strictly that of accord and satisfaction. We did not claim that plaintiff's original cause of action was *satisfied and discharged* by his agreement and subsequent refusal to carry it out. We merely alleged that upon sufficient consideration he had agreed to give us time, and claimed to hold him to that agreement. Two questions then arise: 1st. Was there a consideration for the promise? and, 2d. Will it avail us here as a defence?

In the most unfavourable view that can be taken of our case, there was promise for promise, which has always been held a sufficient consideration. Again: It has been frequently held that a promise to forbear is a sufficient consideration for the promise of a third party to guarantee the debt—why is not the converse true?—why is not the procurement of a mortgage-security a sufficient consideration for the promise to forbear? A spark of benefit to the promissor, or of loss to the promissee, is sufficient as a consideration. Here the defendant, on the faith of plaintiff's promise, paid the costs of the former suit, and went to the trouble and expense of procuring the bond and mortgage to be drawn and executed.

If the plaintiff had accepted the bond and mortgage which we offered, would he not then have been bound by his agreement to give time on his note? If so, can he take advantage of his own wrong by a refusal to carry out his part of the agreement, when we in good faith had fully carried out ours? Chitty on Contracts 738 furnishes the answer.

Independently of the admission of this agreement, under our system of equitable defence, the case of Pearl *v.* Wells, 9 Wend.

[Blackburn *v.* Ormsby.]

291, shows that this is the *only* way in which we could avail ourselves of such a defence.

*A. H. Miller,* for defendant in error.—1. The affidavit of defence is evasive, in the fact that it does not aver that any tender of the bond and mortgage was ever made to Blackburn or his attorney. The defendant in his affidavit states that he "offered plaintiff to carry out his agreement in good faith and to its full extent." It is evasive and a deceit, and is all covered up under the word "offered." No security whatever has ever been tendered.

2. The affidavit fails to disclose a sufficient defence: it does not set forth that a bond and mortgage was offered or tendered to the plaintiff; nor does the defendant swear that the mortgaged premises were of sufficient value to secure the debt—he merely swears that *he* "avers" it to be of sufficient value. The fact of value he does not swear to. The value of real estate, as a security, is not the price "averred" by its owner, but what it will command at a fair public sale or auction. This is peculiarly the fact in this case.

It is evasive in another and very material fact: it does not assert that the defendant was ready and offered to give the mortgage, and that defendant *is still ready and willing* to deliver a mortgage to Blackburn to secure the debt sufficiently.

3. But even if a tender of the bond and mortgage had been made and refused by the plaintiff, it would have availed the defendant nothing, under his plea of accord and satisfaction urged in the court below. Accord without satisfaction is no bar to an action, and the execution of the accord must be complete and perfect.

It is not true that a *third* person became a party to this alleged contract, the firm of R. & J. Watson being the endorser on one of the notes, and Caroline Ormsby the other party, being endorser on one of the notes amounting to $6500. The affidavit of defence sets forth that a mortgage was executed by "said Caroline Ormsby, *in whose behalf equally with his own* said agreement had been made."

Nor is a plea good as an accord and satisfaction that the plaintiff agreed to accept the note of a *third* person, which, on being tendered, he refused to accept: 19 Wend. 516; 3 Johns. 243; 5 Id. 386; 23 Wend. 342; 1 Gray 245.

The defendant complains that he paid the costs of the former suit, and went to the expense of procuring the bond and mortgage to be drawn and executed. As to the costs, he was legally bound to pay them, and as to the mortgage, he refused to let the plaintiff have it, and never even submitted it to him for acceptance or rejection.

[Blackburn v. Ormsby.]

The accord and satisfaction must be advantageous to the creditor: Warren v. Skinner, 20 Conn. 259; Smith v. Bartholomew, 1 Metc. 276; and this rule applies only when the claim thus settled is a *liquidated* and undisputed one: 4 Denio 166; 12 Metc. 551. An accord must be executed: 8 Ohio R. 393; 6 Wend. 390.

The case in 6 Wend. 291, Pearl v. Wells, referred to by counsel of plaintiff in error, was a decision founded on the compromise of a *disputed* claim.

The opinion of the court was delivered, November 11th 1861, by

WOODWARD, J.—The affidavit of defence cannot be supported as an accord, for an accord, to be available as a defence, must be fully executed. Readiness to perform, or an offer of performance, is not enough. It is not pretended that this was an executed accord, but the defendant insists that the plaintiff agreed, upon sufficient consideration, to give him time on the debt in suit. Such a defence, if made out, is undoubtedly available, not by way of accord and satisfaction, but as showing that at the institution of the suit the plaintiff had no legal right of action. An extension of credit, on a pledge of increased securities, is a very common transaction between debtor and creditor, and where the bargain has been fairly and finally agreed upon, the creditor must be held to it. The additional securities are an adequate consideration for the promise of forbearance on the part of the creditor, and if the debtor have performed the conditions of his undertaking he is entitled to the indulgence stipulated for.

But the difficulty with the affidavit in this case is, that it does not allege performance of the debtor's conditions. The bargain is well set out, was a fair and reasonable one, and nothing is wanting to make it conclude the plaintiff, except the tender of a sufficient mortgage and note. He swears that he had the instruments prepared, and " *with these documents offered plaintiff to carry out his agreement with him in good faith and to its full extent.*" If he tendered the note and mortgage, why did he not say so? He does not allege that he showed the documents, or informed the creditor of them. Affidavits of defence are not documents that need a strained construction. Parties generally swear as hard as truth and conscience will allow. Their words are not to be taken as implying more than they express. Giving to the defendant's words their legitimate and necessary signification, they fail to prove such a tender of the new securities as would be performance on his part of the agreement he sets up to bar the plaintiff's action. The production of the mortgage to the plaintiff's counsel, with the brief of title, or an opportunity to examine the title, was fairly implied in the bargain; for he

Blackburn *v.* Ormsby.]

could not be expected to accept an unexamined security. The defendant's oath that the mortgage was a sufficient security cannot dispense with the obligation he was under to so produce and exhibit the mortgage to the plaintiff or his counsel, as to give them an opportunity to judge of its sufficiency. If it was sufficient.they were bound to be satisfied with it, but the defendant was not the exclusive judge of its sufficiency. His failure to tender it, and to give.the plaintiff an opportunity to judge of its sufficiency, is decisive against the proposed defence, and therefore there was no error in entering judgment for plaintiff.

The judgment is affirmed.