## Bronson *versus* Silverman.

1. A rule of court required that in an affidavit of defence "the nature and character of the defence shall be specifically stated." Under such rule the facts of the defence must be averred with reasonable precision and distinctness; but it is not required to make a statement of the manner in which they will be proved or the evidence by which they will be established.

2. In a suit by an endorser on a negotiable note, the affidavit of defence averred that it had been given as the consideration for land agreed to be purchased from the payee, that material conditions in the agreement, which he specified, had not been performed by payee, that the plaintiff, knowing all the circumstances, took it as collateral security for the payee, and for collection, and paid nothing for it. *Held*, that these facts put the plaintiff on no higher ground than the original holder, and that they were a good defence against the note.

November 10th 1874. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term 1874, No. 48.

This was an action of assumpsit, brought July 24th 1873, by Lazarus Silverman against Alfred H. Bronson. The cause of action was a promissory note, a copy of which was filed with the declaration; and is as follows:—

"$2750.                              Titusville, Pa., June 29th 1872.

June 30th 1873, after date, for value received, I promise to pay to the order of the Chicago Petroleum and Mining Company, twenty-seven hundred and fifty dollars, at the Citizens' Bank of Titusville.                              A. H. BRONSON."

(Endorsed): "The Chicago Petroleum and Mining Company, by Hugh Maher, President.                              HUGH MAHER."

The defendant filed an affidavit of defence, as follows:—

"That he is informed and believes, and expects to be able to prove on trial, that the plaintiff is not the owner for a valuable consideration of the note sued upon, but that the same is held by him only as collateral security for some alleged indebtedness of Hugh Maher to the plaintiff, and for purposes of collection only; and that the plaintiff paid nothing therefor, and did not acquire the same in the regular course of business, but took the same as aforesaid, knowing the circumstances under which said note was given, and the alleged and only consideration therefor.

"That the said note was given by affiant for the purchase-money, in part, of a certain tract of land, for which Hugh Maher and the Chicago Petroleum and Mining Company were to make, execute and deliver a written contract to affiant, as his title thereto, which paper has never been delivered to affiant, as agreed upon, and he has no written evidence of his contract or of the purchase of said land, nor title thereto. * * * Said Maher was the president of the

[Bronson v. Silverman.]

Chicago Petroleum and Mining Company, and transacted this business, and had full knowledge of the circumstances of the giving of said note and the consideration thereof. A. H. BRONSON."

Rule 6th of the court below, under which judgment was taken in this case, is as follows:—

" In all actions founded on book accounts, bills, notes, bonds and other instruments of writing for the payment of money, * * * if the plaintiff shall have filed a copy of the account or instrument of writing on which the suit is founded, with his declaration, on or before the return-day of the writ, he shall be entitled to a judgment by default for the amount so claimed, at any time after twenty days from and after the return-day of the writ, unless the defendant, or some one for him, knowing the facts, shall have filed an affidavit of defence in which the nature and character of the defence shall be clearly and specifically stated."

On the 5th of January 1874, judgment was entered for the plaintiff for want of a sufficient affidavit of defence, which was afterwards liquidated at $3004.37.

The defendant took a writ of error and assigned for error the entering judgment notwithstanding the affidavit of defence.

*R. Sherman,* for plaintiff in error.—If Silverman took the note for purposes of collection, and as collateral security only, the maker may set up any defence which he may have against the original payee : Selden v. Neemes, 7 Wright 422; Kirkpatrick v. Muirhead, 4 Harris 117.

A purchaser of land under an agreement to convey and make title need not pay the purchase-money until the vendor has fulfilled, or offered to fulfil, the contract: Gans v. Renshaw, 2 Barr 34. A defendant is not bound in an affidavit of defence to cover all points which a fine critical skill may discover : Thompson v. Clark, 6 P. F. Smith 34; nor is he bound to allege those matters which would require a replication, or rebutting testimony, on the part of the plaintiff, to overcome : Hemphill v. Eckfeldt, 5 Wharton 274; 1 Tr. & H. Pract. 380 ; Christy v. Bohlen, 5 Barr 38.

*G. F. Chester,* for defendant in error.—The affidavit should have stated the date of the agreement for the purchase of the land, the time when it was to be performed, &c.: Marsh v. Marshall, 3 P. F. Smith 397. What is not said in the affidavit of defence is taken as not existing : Lord v. Ocean Bank, 8 Harris 387 ; Peck v. Jones, 20 P. F. Smith 83 ; Walker v. Geisse, 4 Wharton 258; Selden v. Neemes, 7 Wright 423.

Mr. Justice MERCUR delivered the opinion of the court, January 4th 1875.

The rule of court under which this judgment was taken requires " an affidavit of defence in which the nature and character of the defence shall be clearly and specifically stated." This, then,

[Bronson *v.* Silverman.]

imposed on the party making it, the necessity of averring with reasonable precision and distinctness, facts which, if true, would constitute a defence. It does not require a statement of the manner in which those facts will be proved, nor of the evidence by which they will be substantiated. It is presumed they will be proved according to the rules of law and the practice of the court.

In this case the affidavit clearly avers facts which put the plaintiff on no higher ground than the original holders. It declares that he took the note with full knowledge of the consideration and circumstances under which it was given, that he paid nothing for it, and holds it for collection only.

The question then is, does the affidavit exhibit a defence against the original holders? It avers, substantially, that the note was given for part of the purchase-money of land, and that the payees were to make, execute and deliver to him a written contract as his title thereto, but that they have never delivered it as agreed, and that he has no written evidence of title to the land nor of his contract. It is contended on the part of the defendant in error that this is insufficient, inasmuch as it omits to state where the land is located, and does not aver that he has not obtained possession of the land. To this it may be answered, that, as the contract set forth in the affidavit avers no agreement to give possession, prior to the execution of the written agreement, there is no presumption of law that it was given. Wherever the land lies, the agreement was to furnish written evidence of title. This is the specific contract averred, and a breach of it is affirmed. It is true no specific time is stated when it was to be delivered, yet it is averred that it has not been delivered as agreed. The time then agreed upon for the delivery had passed. It was their duty to deliver it according to their contract. It was not incumbent on him to demand it. As evidence of his title, the written instrument would be of great value to him. The deprivation of it might work him great injury. Be that as it may, it was an indivisible part of the agreement which entered into the consideration for which the note was given.

We think, therefore, the learned judge erred in entering judgment for want of a sufficient affidavit of defence.

Judgment reversed, and a *procedendo* awarded.