# A. M. LANGFELD ET. AL. v. GUSTAV LYON.

## APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

### Argued January 21, 1890—Decided February 24, 1890.

1. An affidavit of defence averring that a written obligation in suit " has been settled in full and deponent does not owe to the plaintiffs one penny, . . . . the sum called for being paid and settled in full," is too vague and indefinite to prevent the entry of summary judgment.

2. But an affidavit averring the payment of a definite sum on account of the obligation a short time after it was given, the payment of the balance in a few days thereafter, a subsequent admission by plaintiffs of full payment, and that by reason of affiant's absence from home the exact dates could not be given, will be held sufficient.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 144 July Term 1890, Sup. Ct.; court below, No. 662 March Term 1889, C. P. No. 4.

On April 29, 1889, Abraham H. Langfeld and others, trading as Langfeld, Lichten & Co., brought assumpsit against Gustav Lyon, filing a verified statement of claim for the recovery of the amount of a written order drawn upon the plaintiffs by the defendant in favor of C. E. Lynch, for $312.70, dated July 5, 1883, the order having been paid for the defendant by the plaintiffs.

On May 8, 1889, the defendant filed an affidavit of defence averring that

" It is true that he had borrowed from the plaintiffs the sum of $312.70, but the same has been settled in full, and deponent does not owe to the plaintiffs one penny on account of said order, or on any other account, the sum called for being paid and settled in full. All of which he expects to be able to prove at the trial of said cause."

On May 22, 1889, a rule for judgment for want of a sufficient affidavit of defence was taken. This rule was made absolute on June 15, 1889; on June 17th, the sum due was liquidated at $423.96, and on the same day a writ of fieri facias was issued.

Statement of Facts.

On June 24, 1889, the following order was made: "Rule to show cause why the judgment should not be opened, and the within filed as a supplemental affidavit of defence in accordance with the order of June 15, 1889, proceedings to stay meanwhile; to be filed nunc pro tunc." *

The supplemental affidavit of defence referred to in the foregoing, verified by the defendant in Chicago, averred as follows:

"At the time said due-bill was given by this deponent, he and Moses H. Lichten were engaged in a business known as the Reticher Cured Feed Company, in the city of Philadelphia; that when deponent received said sum he borrowed it from the plaintiffs for the use of said business; that in a very short time thereafter he paid to said plaintiffs a check of about $160 on account of said loan. Deponent further says that soon after the payment made by him, his partner, Moses H. Lichten, who was a member of plaintiffs' firm, and a member also of said Reticher Feed Company, paid to the plaintiffs the balance of said due-bill. Deponent further says that he has been absent for some weeks from Philadelphia, and is now at Chicago, Ill., and will be absent on business until July next; that not having the books or memoranda at hand he cannot give the dates of payment, but he says positively, that said due bill is fully paid; that before leaving the city of Philadelphia he called on the plaintiffs, who then informed him that he did not owe one cent to said firm, that said due bill was fully paid; that if necessary, on his return he can give the dates of payment; that in the absence of his books he cannot give dates, but he can say that said due bill was paid in the manner as stated, and that said plaintiffs admitted to him in the early part of May, 1889, that it was paid, and that they have no claim thereon. Deponent further says, that he believes that said suit is brought by some other person in the name of plaintiffs' firm without their knowledge and consent, and not by them, simply to annoy and harass deponent, and he says this because he knows the instrument on which suit is brought is paid."

On June 29, 1889, the rule granted was discharged; where-

---

* The record as presented did not show the terms of the " order of June 15, 1889," referred to, but the absence of the defendant in Chicago on that date, as set forth in the opinion of this court, was stated in the appellant's paper-book, and not denied in the paper-book of the appellees.

Opinion of the Court.

upon the defendant took this appeal, specifying that the court erred " in entering judgment for $423.06 on the ground that the original and supplemental affidavits were insufficient."

*Mr. J. M. Moyer*, for the appellant.

Counsel cited: Noble v. Kreuzkamp, 111 Pa. 68: Selden v. Neemes, 43 Pa. 421; Kaufman v. Iron Co., 105 Pa. 540; Kilpatrick v. B. & L. Ass'n, 119 Pa. 30; Leibersperger v. Reading S. Bank, 30 Pa. 532; McPherson v. Alleg. N. Bank, 96 Pa. 139.

*Mr. Julius C. Levi*, for the appellees.

Counsel cited: McCracken v. Congregation, 111 Pa. 106; Endlich on Aff. of Def., § 362; Mitchell on Motions and Rules, 66; Markley v. Stevens, 89 Pa. 279.

OPINION, MR. JUSTICE CLARK:

The affidavit of defence, which was first filed in this case was insufficient; it was so vague, indefinite and general in its terms, that it is quite impossible to determine from it whether the payment of the plaintiff's claim, which was asserted therein, was an actual payment, or was averred merely as a conclusion of law arising from facts which were not disclosed. Judgment was therefore, on June 15, 1889, entered for the plaintiffs, because of its insufficiency. It seems, however, that for some reason, presumably on account of the defendant's alleged absence from the city at the time, leave was a few days afterwards given to file a supplemental affidavit, as of the date the judgment was entered, nunc pro tunc, and a rule was also entered to show cause why the judgment should not be opened, and the defendant let into a defence. This rule was subsequently discharged; and the question now turns upon the sufficiency, not only of the original, but of the original and supplementary affidavits; for as the latter was filed as of the day judgment was entered, nunc pro tunc, the judgment must be taken to have been entered upon the insufficiency of both. This was doubtless the purpose of the court in making the order for filing the supplementary affidavit as of that date.

This affidavit was made by the defendant when he was absent from home, and when he had no access to his books to refresh his recollection as to the dates of the respective pay-

ments, and it must be conceded that it is not as full, precise, and satisfactory as it might have been, under other circumstances, but we think it sets up a sufficiently substantial defence. Admitting the execution of the obligation in suit on the day of its date, July 5, 1883, the affiant states that he borrowed the money for the use of the Reticher Cured Feed Company, of which he was a member; that in a very short time thereafter he paid to the plaintiffs $160 on account of the loan, by a check of that amount, and that his partner afterwards paid the balance; that before leaving Philadelphia to go to Chicago, where the affiant was when the affidavit was made, he called upon the plaintiffs with reference to this claim, and that they freely admitted to him that the debt was fully paid; that the defendant was not indebted to them in any sum whatever; and that they had no claim upon the cause of action embraced in the statement filed, or upon any other. He further states that owing to his absence from home and want of access to his books, he is unable to give the dates of the respective payments, but avers his willingness upon his return, if necessary, to do so.

The averments contained in the affidavit are of actual payments on the debt in suit, made by the defendant himself or his partner, to the plaintiffs themselves, and of admissions of the plaintiffs to that effect. We think this is sufficient.

The judgment is reversed, and a procedendo awarded.

On March 28, 1890, an order for a re-argument was refused.