Commonwealth of Pennsylvania to the use of Dora Snyder, Appellee, v. George R. Snyder and Samuel Snyder, Appellant.

*Practice, C. P.—Rule of court—Affidavit of defense.*

A rule of court provided: " Upon exceptions filed, a rule shall be granted to show cause why judgment shall not be entered for want of a sufficient affidavit of defense."

A rule for judgment was granted before exceptions filed, exceptions were subsequently filed, a supplemental affidavit filed, and after hearing judgment granted for want of a sufficient affidavit etc.   *Held*, That there was no error ; whether the rule was regularly granted or not the defendant chose to meet it and thereby waived any irregularity.   It was also in conformity with established practice for the court to pass on both affidavits under the first rule for judgment.

*Practice, C. P.—Proceedings on bond to commonwealth for support of wife.*

On bonds given the commonwealth by public officers, and persons executing private trusts, the mode of proceeding is directed by statute, no assignment or authorization by any officer of the commonwealth is required.

In the case of a bond given for support of deserted wife, in the absence of other statutory direction a similar proceeding for its enforcement may be sustained; otherwise the bond must fail of its purpose.

*Affidavit of defense—Sufficiency—Test rules.*

Words are not to be taken as implying more than they express. What is not stated must be taken not to exist. Facts must be stated, all facts necessary to constitute a substantial defense; they must be averred with reasonable precision and distinctness. General averments of matters which in themselves are legal conclusions from facts are insufficient; as for example, payment, fraud, or undue influence. These involve mixed questions of law and fact.

The practice of swearing to conclusions of law stated as positive averments of fact cannot be too strongly reprobated. When payments are alleged the affidavit must set forth with a reasonable degree of particularity how and when made.

An affidavit, which avers that " the condition of the bond, sued on, has been complied with in part by payment of the sum mentioned in said bond and as to the other part by agreements by plaintiff to release defendants from further liability on said bond," utterly fails to present a defense.

Argued Jan. 13, 1896.    Appeal No. 4, Jan. Term, 1896, from judgment of C. P., Luzerne County, May Term, 1895, No. 488, for want of a sufficient affidavit of defense.    Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.    Affirmed.

Assumpsit on bond to the commonwealth of Pennsylvania to the use of Dora Snyder, conditioned that George R. Snyder will comply with the order of the court of quarter sessions of Luzerne County to pay to the said Dora Snyder, his wife, the sum of $20.00 per month, he having separated himself from the said wife without reasonable cause, etc.

Debt claimed in favor of said Dora Snyder $220.

On May 15, 1895, defendant filed an affidavit of defense as follows:

" That he is informed and believes and expects to be able to prove on the trial of this case, that the condition in the bond on which this suit is founded has been complied with in part by the payment of the sums mentioned in said bond, and as to the other part by agreements by the said Dora Snyder to release the said defendants from further liability on said bond, and further saith not. And that said bond was not duly assigned to said Dora Snyder.

On May 18, 1895, a rule was granted to show cause why judgment should not be entered for want of sufficient affidavit of defense. On May 25, 1895, exception to affidavit of defense was filed. On June 4, 1895, a supplemental affidavit of defense was filed, alleging in substance that the bond sued on was given to the commonwealth of Pennsylvania, and not to Dora Snyder; that the bond has not been assigned to the said Dora Snyder, or in any manner whatever given to her for her use by any one having authority to do the same, and that defendants do not owe to the said Dora Snyder the sum of $1,000, the sum of money for which this suit was brought. That they expect to be able to prove on trial that they do not owe this sum to the said commonwealth, because they believe and expect to be able to prove on trial of this case that the said commonwealth did not authorize this suit by any of its proper officers. That the commonwealth did not assign the said bond to the said Dora Snyder. That the said George R. Snyder never deserted the said Dora Snyder, but on the contrary treated her in a gentlemanly and becoming manner, and he, therefore, feels under no obligation to support her, because she is not entitled to it.

A rule of court 119, page 45, provides as follows: Upon exceptions filed, a rule shall be granted to show cause why judgment shall not be entered for want of a sufficient affidavit of defense, etc.

*Errors assigned,* were (1) granting rule for judgment before exceptions to the affidavit were filed, contrary to the rule of court; (2–5) granting rule for judgment on the record as disclosed and for want of a sufficient affidavit, on the two affidavits filed; (6) the court gave no reason for making the rule absolute.

*S. S. Herring,* for appellants.—The two affidavits were clearly sufficient: Stitt v. Garrett, 3 Wharton, 281; Bronson v. Silverman, 77 Pa. 94; Selden v. Building Association, 81* Pa. 336. When a litigant states his whole defense he ought to be told by the court why it will not avail.

*John M. Garman, T. D. Garman* with him, for appellee.— Courts of appeal will not consider questions not excepted to or

presented during trial at the proper time, for they are said to be waived: 1 Am. & Eng. Ency. of Law, 624 and 626: Ibid., 588, 907, 908. On this point see also Gallager v. Dean, 1 Kulp, 15; Fehr v. Reich, 36 Pa. 472; Myers v. Stauffer, 22 W. N. C., 412; Shriver v. Stephens, 20 Pa. 138. The suit is properly brought: Com. to use v. Ruff, 3 Dist. Rep., 561; Com. v. McCutcheon, 20 W. N. C., 365; Montgomery v. Cook, 6 Watts, 238; Beale v. Com., 7 Watts, 183; Armstrong v. City of Lancaster, 5 Watts, 68; Com. v. Shuman's Admrs., 18 Pa. 343. The affidavits are clearly insufficient on the merits: Snyder v. Powers, 37 Leg. Int., 387; Selden v. Building Association, 81* Pa. 336; Blackburn v. Ormsby, 41 Pa. 97.

OPINION BY SMITH, J., February 20, 1896: .

George R. Snyder was convicted in the quarter sessions of Luzerne county of deserting his wife, Dora Snyder; and being thereupon ordered to pay her twenty ($20.00) dollars per month for maintenance, and to give security in the sum of $1,000, for compliance with this order, executed a, bond to the commonwealth with Samuel Snyder as co-obligor. In an action on this bond, in the name of the commonwealth to the use of Dora Snyder, two affidavits of defense were filed. The court below held them to be insufficient and entered judgment against the defendants. This is assigned for error.

Besides the merits of the defense, a point of practice is involved in the proceeding. A rule of the court below provides that "Upon exceptions filed, a rule shall be granted to show cause why judgment shall not be entered for want of a sufficient affidavit of defense." It appears by the record that an affidavit of defense was filed May 13, 1895; That May 18th the plaintiff's attorney, without filing exceptions, moved for a rule for judgment, which was granted, returnable May 29th; that May 25th an exception to the affidavit was filed; that June 4th a supplemental affidavit of defense was filed; and that on July 29th the following order was made:—"The rule for judgment for want of a sufficient supplemental affidavit of defense filed June 4th 1895, is made absolute, and it is ordered that judgment be entered accordingly."

The appellants object, first, that no rule had been granted for judgment for want of a sufficient supplemental affidavit of

defense, and second, that the rule granted May 18th remained undetermined by the order; in other words, that judgment was entered on a rule which had not been granted, and that the rule which had been granted was not disposed of.

We cannot regard this as the true import of the record. The procedure act of 1887, requires that the declaration in assumpsit be replied to by affidavit. Here the defendants replied by an original and a supplemental affidavit. These cannot be regarded as independent of each other. A supplemental affidavit is but an addition to the original. Both stand on the same ground, as a reply to the declaration, and collectively they set forth the defense. However, they must be received as forming in effect a single affidavit, the sufficiency of which is to be determined on a single rule for judgment. In the present case, having in view both affidavits, the only question for determination was whether the plaintiff was entitled to judgment notwithstanding the defendants' reply. The final order of the court deciding this, determined everything at issue. There was nothing irregular in this, and it was in conformity with the established practice. To require a fresh rule on every supplemental affidavit which the defendant might choose to file, would postpone judgment indefinitely, thus defeating the very purpose of the act of assembly.

It is not material whether the rule for judgment was regularly granted, under the rule of court, or whether the defendants were required to meet it. They chose to meet it, and to take the chances of a decision in their favor. By so doing they waived any irregularity in granting the rule, and cannot now be heard to complain of it.

After the appeal was taken, a correction of the record was made below, showing that on June 1 the rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense was made absolute as to the affidavit filed May 13, unless the defendants filed an additional affidavit within five days, and was continued until that time for argument; the entry of this on the record at the time having been inadvertently omitted. Aside from this correction, however, we regard the proceeding on the rule as entirely regular.

The supplemental affidavit alleges, in substance, that the defendants do not owe Dora Snyder on the bond, because it was

not given to her, and has not been assigned to her by the commonwealth, and that the action cannot be maintained on the part of the commonwealth, because not authorized " by any of its proper officers."

The mode of proceeding on bonds given to the commonwealth by public officers, and persons executing private trusts by legal appointment, is directed by statute.   The action is to be brought in the name of the commonwealth to the use of the persons interested, and at their instance.   No assignment or authorization by any officer of the commonwealth is required.   Though the bond in this case does not in strictness belong to that class of obligations, the analogy between them is such that, in the absence of other statutory direction, a similar proceeding for its enforcement may be sustained.   Otherwise, the bond must fail of its purpose, for no officer of the commonwealth has authority to assign it or direct suit on it.   Moreover, the use plaintiff is not required to prove his interest; it is enough that the legal plaintiff has a right of action: Irish v. Johnston, 11 Pa. 483; Crawford v. Stewart, 38 Pa. 34; Berks County v. Levan, 86 Pa. 360.   Under the terms of the bond in this case, a right of action in the name of the commonwealth arose from a breach of its condition.   Nothing further is required.

The principles by which the sufficiency of an affidavit of defense is to be tested are well settled.   The words of the affidavit are not to be taken as implying more than they express : Blackburn v. Ormsby, 41 Pa. 97.   What is not stated must be taken not to exist : Lord v. Ocean Bank, 20 Pa. 384; Marsh v. Marshall, 53 Pa. 396; Kaufman v. Iron Co., 105 Pa. 537. Facts must be stated—all the facts necessary to constitute a substantial defense : Kaufman v. Iron Co., supra.   The facts must be averred with reasonable precision and distinctness : Bronson v. Silverman, 77 Pa. 94.   General averments of matters which in themselves are legal conclusions from facts not stated are insufficient; as, for example, payment, fraud, or undue influence.   These involve mixed questions of law and fact : Kaufman v. Iron Co., supra.   The practice of swearing to conclusions of law, stated as positive averments of fact, " cannot be too strongly reprobated : " Erie City v. Brady, 127 Pa. 169. When payments are alleged, the affidavit must set forth, with a reasonable degree of particularity, how and when they were

made: Hiestand v. Williamson, 128 Pa. 122. Otherwise it is impossible to determine whether the payment asserted was an actual payment, or is averred merely as a conclusion of law arising from facts which are not disclosed: Langfield v. Lyon, 132 Pa. 441. An affidavit that merely avers, in substance, "I have paid the plaintiff: I owe nothing," is insufficient; the time, amount and manner of payment, and the person by whom and to whom it was made, should be stated with particularity: McCracken v. Presbyterian Church, 17 W. N. C. 45.

Tested by these rules, the affidavits in this case utterly fail to present a defense. They aver that the condition of the bond "has been complied with in part by the payment of the sums mentioned in said bond, and as to the other part by agreements by the said Dora Snyder to release the said defendants from further liability on said bond." The averment as to payment lacks every essential; neither the time or manner, or the person by whom or to whom made, being stated. The averment as to agreements to release the defendants is equally defective. It does not state the terms of the alleged agreements, whether they are oral or written, or the consideration to sustain them: in short, it fails to set forth any agreements that can operate to discharge the defendants. The allegation that "the said George R. Snyder never deserted the said Dora Snyder" cannot be inquired into in this action; the conviction is conclusive. That he "always treated her in a gentlemanly and becoming manner and therefore feels under no obligations to support her, because she is not entitled to it," is wholly immaterial.

The affidavits, taken together, set forth no ground of defense, and the judgment is therefore affirmed.