# Keller, Appellant, *v.* Cohen.

*Promissory notes—Payment—Specific source—Contemporaneous written agreement.*

1. It is competent for parties to contract for the payment of an obligation out of a particular fund, and in a particular manner.

2. In an action upon promissory notes the defendant may set up a contemporaneous agreement evidenced by several writings in connection with the notes in support of the contention that the notes were to be paid out of a particular fund, and that this agreement was the inducing cause which led him to execute the notes.

Argued March 23, 1909. Appeal, No. 39, Jan. T., 1909, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1906, No. 452, on verdict for defendant in case of Joseph S. Keller v. Andrew J. Cohen. Before Mitchell, C. J., Fell, Mestrezat, Potter and Elkin, JJ. Affirmed.

Assumpsit on two promissory notes. Before Audenried, J.

The facts are stated in the opinion of the Supreme Court, and in the former report of the case in 217 Pa. 522.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various rulings on evidence and in-

structions, including a refusal to give binding instructions for plaintiff.

*John Stokes Adams,* for appellant.

*Albert B. Weimer,* with him *Andrew Wright Crawford, William E. Stokes, Frederick M. Leonard* and *Bernard Gilpin,* for appellee.

OPINION BY MR. JUSTICE ELKIN, April 12, 1909:

Two questions were decided when this case was here on the former appeal, namely, first, that it is competent for parties to contract for the payment of an obligation out of a particular fund, and in a particular manner; and, second, that the averments of the affidavits of defense, if proven at the trial and believed by the jury, were sufficient to defeat a recovery: Keller v. Cohen, 217 Pa. 522. The judgment entered by the court below at that time was reversed and a procedendo awarded. The parties went to trial and the defendant offered in evidence all of the writings set up in the affidavits of defense, which were supplemented by his own testimony explaining the transaction, identifying the writings, including the notes in suit, and showing that he had not received any profits derived from the sale of umbrella tubes. In substance and effect these were the matters averred in the affidavits of defense. The case as we view the record stands as follows: This court said when the case was here before if the facts averred be duly proven at the trial a defense would be made out if believed by the jury. They were proven at the trial and the verdict of the jury shows that they were believed. This should be an end of the case now unless it was wrongly decided then, and we are not convinced that there was any error in the disposition made of it on the former appeal. This is not the ordinary case of a suit brought on a promissory note in commercial use. This suit is between the original contracting parties, and the defense was and is that the notes sued upon were not separate transactions evidencing independent loans on one side and an individual liability on the other, but that

they were taken and given as the culminating act in the negotiations which constitute the contract between the parties. These negotiations are not proven by parol but are evidenced by papers in writing spread upon this record. They are, letter of September 8, 1898, note of November 14, 1898, assignment of insurance policy dated November 29, 1898, indorsement of assignment as satisfactory December 1, 1898, and note of February 21, 1899.

Cohen and Seymour had obtained a patent for new and useful improvements in the sticks or rods of umbrellas which Keller thought was a valuable invention. He desired to obtain an interest in the invention and to organize a company for the manufacture of umbrella tubes, and this is what led to the negotiations above referred to and finally resulted in whatever contract was made between the parties. Cohen needed some money and Keller agreed to advance it to him, and in the letter of September 8, 1898, stated the conditions upon which he would advance the money and specified the manner in which the amount advanced should be paid back to him. All the other writings followed and when taken together show the intent and meaning of the parties. These papers supplemented by the testimony of the defendant are sufficient to sustain the verdict of the jury. The assignments of error are technical and go to the question of the insufficiency of the testimony to show such a connection between the papers and the parties as to constitute the contract relied on. We cannot accept this view of the situation. The subject-matter of the writings, the sequence and order of the negotiations evidenced by the papers themselves, and the testimony of the defendant, are sufficient to justify a jury in finding the facts above stated. In the letter of September 8, Keller agreed to advance money to Cohen with the understanding expressed in writing that "the amount advanced to be paid back to me from the immediate proceeds of profits derived from the sale of umbrella tubes made." Keller took two notes for the money so advanced. These notes were made payable in five years and are not interest bearing, all of which is to some extent a confirmation of the defense set up, namely, that they

were to be paid in a particular manner, or out of a particular fund. Cohen testified that he accepted the money and gave the notes in pursuance of the arrangement stated in the letter, and that this was the inducing cause which led him to execute the notes. The letter specified that the notes were to be paid out of profits derived from the sale of umbrella tubes and the testimony shows that no profits accrued to Cohen. Certainly this made out a defense under the rule stated on the former appeal and the authorities there referred to.

Assignments of error overruled and judgment affirmed.