W. T. Price, Inc., *v.* Robbins, Appellant.

Argued November 29, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ,

*Paul C. Hamlin,* of *Mesirov, Hamlin & Leonards,* for appellant.—The defense is valid as matter of substantive law: Keller v. Cohen, 217 Pa. 522; Reading Second Nat. Bank v. Yeager, 268 Pa. 167; Mosser Co. v. Boom & Lumber Co., 290 Pa. 67.

The affidavit of defense sufficiently avers plaintiff's agreement to look to particular fund for payment of entire claim under contract of February 11, 1926.

A sealed contract may be modified by subsequent parol agreement: McCauley v. Keller, 130 Pa. 53.

Facts averred in affidavit of defense must be taken as true on rule for judgment: Gandy v. Weckerly, 220 Pa. 285.

Point on which judgment was ordered was not raised at the argument; and no opportunity was afforded defendant to amend: Mancia v. Fire Ins. Co., 280 Pa. 174.

Judgment for want of sufficient affidavit of defense should not be ordered except in clear cases: Rhodes v. Terheyden, 272 Pa. 397; Helfenstein v. Coal Co., 284 Pa. 78; Jamestown I. & M. Co. v. Knofsky, 291 Pa. 60; Eizen v. Stecker, 295 Pa. 497.

*Edreth P. Acton,* with him, *William S. Furst,* for appellee.—Defendant attempts to vary by subsequent

parol agreement the terms of the written contract without alleging fraud, accident or mistake: Bank v. Yeager, 268 Pa. 167.

The subsequent alleged oral agreement is without consideration: Fink v. Smith, 170 Pa. 124; Moeslein v. Smith, 29 Pa. Dist. R. 998.

A contract, to be good in law, must be founded upon a consideration; so, also, must the substitution of a new contract for an old one be founded upon a sufficient consideration.

OPINION BY MR. JUSTICE WALLING, January 6, 1930:

At the time here in question, the defendant, Bernard Robbins, being the owner, inter alia, of a certain subdivision of land located near Miami, Florida, called "Granada Park," on February 11, 1926, entered into a written contract with the plaintiff, W. T. Price, Inc., for the pavement of streets and sidewalks in the subdivision, at a fixed price per square yard for the streets and per square foot for the walks. Plaintiff was to furnish all labor and material and complete the improvement within ninety days; payments were to be made on estimates as the work progressed. Plaintiff completed the work, as its statement of claim avers, on March 22, 1926. The expense of the entire improvement, including streets and sidewalks, amounted to $19,726. There was, however, an item of $2,502 for oiling the streets omitted at defendant's request and, on March 20, 1926, defendant paid on the contract the sum of $5,000 and on June 17, 1926, the further sum of $3,000, making the total credits $10,502, leaving a balance due plaintiff of $9,224, for which this suit was brought.

The affidavit of defense admits the completion of the work, the accuracy of the total amount thereof and of the credits as stated, but avers as a defense that during the progress of the work, being on or about March 1st, defendant became financially unable to complete it and ordered plaintiff to stop the same. Thereupon, the affi-

davit avers, in effect, that they entered into a new agreement, by which plaintiff undertook to go on and complete the improvement and to be paid from the proceeds of the sale of lots, relieving the defendant from personal liability therefor; that defendant permitted plaintiff to go on on the basis of the modified agreement, and further that owing to the real estate situation in Florida no lots had been sold from the proceeds of which the balance due plaintiff could be paid in whole or in part. Also that in 1928 defendant appointed a bank at Miami as trustee to protect plaintiff's interests when lots were sold. The trial court entered judgment for plaintiff for want of a sufficient affidavit of defense and defendant has appealed.

In our opinion, the judgment was rightly entered. True, defendant could stop the work during its progress, in which event the extent of his liability would be payment in full for work already done and also such profits as plaintiff would have made on its completion. See 13 C. J. 555, 556.

The right of the parties to change a written contract by parol is well settled: McCauley v. Keller, 130 Pa. 53, 70; Malone v. Dougherty et al., 79 Pa. 46; Greenleaf on Evidence (13th ed.), volume 1, section 303. "It is clearly settled that parties who have undertaken contractual obligations by an agreement under seal may nevertheless enter into a new parol agreement creating obligations separate from the old ones, and at variance with them, and such new agreement will be binding": 13 C. J. 595. It was also competent for the parties to agree that plaintiff must look to a particular fund for payment: Mosser Co. v. Cherry River B. & L. Co., 290 Pa. 67; Keller v. Cohen, 217 Pa. 522; Same v. Same, 224 Pa. 434. There is, however, no averment that the new or modified contract should apply to the work theretofore completed. The statement that, "The defendant further avers that, upon receiving notice to quit work on said Granada Park Subdivision as aforesaid, the said

W. T. Price orally stated and offered to the defendant that if the defendant would permit the plaintiff to complete the work and labor called for by the said contract of February 11, 1926, the plaintiff would do so and agree to look for payment only to the fund to be raised by sales thereafter to be made of lots in said Granada Park Subdivision," with the further averment that this was accepted by the defendant, does not warrant this conclusion, especially in view of the fact that payments were called for as the work progressed. Furthermore, it is obvious that the parties did not understand the new contract as applying to work theretofore done, for, within three weeks of its alleged date, without the sale of any lot, defendant paid plaintiff $5,000, and within less than four months $3,000 more. In view of these facts, it is idle to urge that the new contract was intended to release defendant from all personal liability for work theretofore done under the original written agreement.

There being no averment as to what part of the work was done under the old contract or what was done under the new contract, the trial court properly entered this judgment, holding the affidavit of defense insufficient for that reason. It is also indefinite in other respects. While it avers that plaintiff agreed to accept pay for completion of the work out of a fund to be raised from the sale of lots, to which defendant agreed, it fails to aver what effort, if any, the defendant was to make to dispose of the lots, and, as averred, does not confer upon plaintiff a right to compel a sale of the lots, or limit a time for such sale, or give it a lien upon the property. The defense somewhat resembles that in Second Nat. Bank of Reading v. Yeager, 268 Pa. 167, where, speaking for the court, Mr. Justice KEPHART says (page 169) : "Under the affidavit, defendant was not to be bound, under any circumstances, for payment of the note, as there is no limit to the time within which the things stated in the affidavit are to be performed, and no one to compel performance."

The affidavit of defense does, however, aver that in February, 1928, the defendant and his wife made a declaration of trust to the Miami Bank and Trust Company, authorizing it to make distribution of the proceeds of the sale of lots "including payments to W. T. Price, Inc., of $9,224." It also avers that "the plaintiff accepted the same as being in accordance with the oral agreement aforesaid, that the plaintiff should look only to the fund derived from future sales of lots in said Granada Park Subdivision for payment of the said balance of $9,224." This latter is not the statement of a fact, but of a conclusion. Was the acceptance written or oral? If the former, a copy should be set out, and, if the latter, the language used should be stated. The defendant's bald assertion of acceptance by plaintiff is insufficient. True, as plaintiff failed to reply to the new matter set up in the affidavit of defense it must be accepted as true. See Act of March 30, 1925, P. L. 84. Yet the new matter must contain a sufficient statement of facts, not mere conclusions. The facts must be averred with reasonable precision. See Bronson v. Silverman, 77 Pa. 94. "General averments of matters which in themselves are legal conclusions from facts not stated are insufficient": Com., to use, v. Snyder, 1 Pa. Superior Ct. 286, 291.

Appellant complains because not given by the trial court an opportunity to amend the affidavit of defense; but, so far as appears, no request therefor was made either before or after judgment. The cases called to our attention where a defendant is entitled to file an amended affidavit of defense to prevent judgment are not applicable here. In case of an appeal from entry of judgment it is our duty to pass upon the record as it is. Had we any doubt as to the right of plaintiff to summary judgment we would send the case back for trial by jury. See Eizen v. Steckler, Inc., 295 Pa. 497; Jamestown Iron & M. Co. v. Knofsky et al., 291 Pa. 60; Rhoads v. Terheyden, 272 Pa. 397.

The judgment is affirmed.