## Evans v. Dubois Motors Corporation

*N. F. Womer,* for plaintiff.
*Pentz & Pentz,* for defendant.

SMITH, P. J., January 20, 1938.—Defendant has moved to strike off the statement of claim for various reasons. It is particularly averred that paragraphs beginning with the eighth are indefinite and fail to state clearly the facts on which liability would rest. Plaintiff at the argument agreed that these facts should be stated more definitely, and stated his desire to amend those paragraphs.

The only question then left, involved in the pleading of the first eight paragraphs, is whether plaintiff has pleaded the assumption relied upon in too general terms. The statement avers a contract and work done thereunder by plaintiff with a partnership, McCready & Welker; that that partnership was dissolved and its assets and liabilities assumed by George E. Welker; that later the defendant corporation assumed George E. Welker's assets and liabilities. No other facts are stated as the basis of liability on the part of defendant upon this undertaking originally made by McCready & Welker.

We think defendant's complaint about this statement is well taken:

"It is a fundamental principle that a pleading should state material, ultimate facts. The courts do not allow the pleader to plead a result attained by the application of the parties' processes of reasoning to the law and facts of the

case. General averments of matters which in themselves are the mere legal conclusions of the pleader from facts not stated are insufficient and will not be accepted by the court as the basis of any action unless supported by a statement of facts; it is the duty of the court to declare the conclusions and of the pleader to state the premises": 3 Standard Pennsylvania Practice §24, p. 32.

As stated in the same work just quoted from (page 33) :

"The line of demarcation between allegations of facts and allegations which are objectionable as mere legal conclusions is not easy to state, although the reports are interspersed with numerous statements concerning whether particular allegations are objectionable as legal conclusions."

The question here is also affected by the principle that:

"The rule requiring certainty in pleadings is very greatly relaxed where the matter in reference to which the pleading is said to be uncertain is peculiarly within the knowledge of the opposing party": page 36.

While no case applying these rules to the word "assumed" are cited, we think the application of the rules above stated, and examination of cases where they are applied to similar pleadings of other expressions, a number of which are mentioned on page 33 of the work quoted, leads to the conclusion that the pleading here is insufficient and is a mere general statement of a legal conclusion. There are different ways in which the liability alleged might have been assumed. It might be by express contract in the way of a novation, because of a transaction affected by the Bulk Sales Act, or because there was a contract made for the benefit of a third person which comes within one or more of the well-recognized exceptions to the general rule that a third party beneficiary cannot sue upon a contract. But the mere statement that the liability was assumed is the statement of the ultimate legal result only. While plaintiff cannot be held to the same certainty in pleading where the liability rests upon dealings between defendant and its

predecessors as would be required in an express assumption directly to plaintiff, there must, before there can be a recovery, be proved either an express undertaking or circumstances from which the law implies one. It would seem, also, that the facts should be pleaded with as much certainty as the case allows so that the court, upon reading the pleadings, may see what facts are asserted upon which liability rests. The case of W. T. Price, Inc., v. Robbins, 298 Pa. 568, would seem to support our conclusion here.

### Order

Now January 20, 1938, in accordance with opinion herewith, the statement of claim heretofore filed is stricken off, and plaintiff is granted an additional period of 20 days in which to file an amended statement of claim.