**REYNOLDS SECURITIES, INC., a corporation, Plaintiff,**

**v.**

**Richard S. MACQUOWN, an Individual and Richard S. Macquown, Robert D. Lake and John P. Gombert, Jr., Trustees under Tomsett Associates Profit Sharing Plan, Defendants,**

**and**

**Richard S. Macquown, an Individual and Richard S. Macquown, Robert D. Lake, and John P. Gombert, Jr., Trustees under Tomsett Associates Profit Sharing Plan, and Tomsett Associates, Inc., Tomsett Associates, Inc. of Pittsburgh, Tomsett Associates, Inc. of Philadelphia, Mellon Bank, N. A., and Shearson Hayden Stone, Inc., Garnishees.**

**Civ. A. No. 76–1159.**

United States District Court, W. D. Pennsylvania.

Nov. 6, 1978.

Paul Kachulis, Pittsburgh, Pa., for plaintiff.

Edmund S. Ruffin, Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

TEITELBAUM, District Judge.

On June 14, 1977 a panel of arbitrators rendered an award in favor of plaintiff against the individual defendant in the amount of $200,044 with interest at 6% from September 8, 1976. In addition, it rendered its award in favor of plaintiff and against defendant trustees of the profit sharing plan in the amount of $66,000 with interest at 6% from September 8, 1976. The administrative fees of the American Arbitration Association were also assessed against the individual defendant in the amount of $1,350 and against the defendant trustee in the amount of $1,010.

Thereafter, upon application of all defendants, this Court remanded the case to the arbitrators with directions that the arbitrators *"set forth their rationale of decision, which necessarily will be inclusive of the law which they deem applicable."* Although this Court had the authority to direct a rehearing in its remand Order, 9 U.S.C. § 10(e), it did not so choose. However, the arbitrators have the right to reconsider their entire decision and in fact so did.

The present action is before this Court on a second motion to vacate the award in arbitration by defendants. After careful reconsideration, the arbitration panel refused to disturb its prior award on the merits of the case. The only addition to the award is that any arbitrators' fees are to be divided equally between the plaintiff and the two defendants, the plaintiff being responsible for one-half and the defendants being jointly responsible for one-half of the same.

The arbitration board in reconsidering its entire decision concluded that there is no conflict between applicable federal law and New York cases. The arbitrators were persuaded by the testimony and evidence before them that plaintiff did not violate any rules of the commodity exchange or even any house rules. It is basic that a provision in a contract mutually entered into by consenting legally competent persons should be enforced as written un-

less some valid public policy reason is shown why that provision should not be so enforced. *Jersey Central Power & Light Co. v. Local Union 327*, 508 F.2d 687 (3d Cir. 1975).

Defendants rely upon three cases. *Buttrey v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 410 F.2d 135 (7th Cir. 1969), cert. den. 396 U.S. 838, 90 S.Ct. 98, 24 L.Ed.2d 88 (1969). The arbitrators found that the facts in *Buttrey* did not approach the facts before them. *Pearlstein v. Scudder & German*, 429 F.2d 1136 (2d Cir. 1970). Since the arbitrators found that plaintiff violated no commodity exchange rules as a matter of fact from all the evidence presented, they held *Pearlstein* to be inapplicable. *Gordon v. duPont Glore Forgan, Inc.*, 487 F.2d 1260 (5th Cir. 1974). This case was found to be not applicable since the arbitrators found plaintiff did not violate the commodity exchange margin requirements. The arbitrators cited *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Brooks*, 404 F.Supp. 905 (N.D.Tex.1975) aff'd per curiam, 548 F.2d 615 (5th Cir. 1977) and indicated that they had considered more than thirty citations given to them by the parties thereto as well as a number of authorities which neither party had cited to the panel in reaching their conclusion. Their decision in this matter is consistent with the Federal Commodity Exchange Act as amended by the Commodity Future Trading Commission Act of 1974, 7 U.S.C. §§ 1 *et seq.*, and the cases that have been decided under that Act and under the various regulations promulgated pursuant thereto.

The Board's position that plaintiff has not breached any duty owed defendant is dispositive of the filed counterclaim. Further, the Board found that even if plaintiff had breached such a duty, defendant would not be permitted to recover based on *Piper v. Chris-Craft Industries Inc.*, 430 U.S. 1, 97 S.Ct. 926, 51 L.Ed.2d 124 (1977), wherein the United States Supreme Court reversed the United States Court of Appeals for the Second Circuit and held in that case that plaintiff did not have an implicit right of action under § 14(a) of the Securities Exchange Act of 1934 or under the Securities & Exchange Commission's Rule 10b6.

■ The scope of the review of this Court is limited to manifest disregard of the law. *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211 (2d Cir. 1972); *Bell Aerospace Co. Division of Lextron, Inc. v. Local 516, International Union, United Auto Aerospace & Ag. Implementation Workers of America (UAW)*, 356 F.Supp. 354 (2d Cir. 1973); *Saxis, S. S. Co. v. Multifacs, International Traders, Inc.*, 375 F.2d 577 (2d Cir. 1967); *Kirschner v. West Co.*, 247 F.Supp. 550 (3d Cir. 1965), aff'd 353 F.2d 537, cert. den. 383 U.S. 945, 86 S.Ct. 1202, 16 L.Ed.2d 208.

■ In order to have an award vacated on grounds of manifest disregard of law, the complaining party must establish that the arbitrator understood and correctly stated the law but proceeded to ignore it.

■ The purpose of arbitration is to provide a relatively quick, effective and informal means of private dispute settlement. *Sobel, supra.* Arbitrators have broad determinative powers, where acting on matters properly under submission, and their findings of law and fact are only reviewable under limited circumstances. *Kanmak Mills, Inc. v. Society Brand Hot. Co.*, 134 F.Supp. 263 (D.C.Mo.1955). The merits of the controversy submitted to arbitration cannot be reopened before this Court. *Catz American Co., Inc. v. Pearl Grange Fruit Exchange, Inc.*, 292 F.Supp. 549 (D.C.N.Y. 1968). A mere ambiguity or difference of interpretation is insufficient grounds for upsetting the decision rendered by the arbitrators in this case. *Textile Workers Union of America v. Cone Mills Corp.*, 188 F.Supp. 728, aff'd 290 F.2d 921 (D.C.N.C.1960).

■ We have considered this matter in the light of the standard by which an award of a board of arbitrators may be vacated and have found that there has been no such manifest disregard of the law in this case.

Accordingly, the motion to vacate the award in arbitration is denied.

An appropriate Order will issue.