477 A.2d 482

CHERVENAK, KEANE & COMPANY, INC.
(CKC ASSOCIATES)

v.

HOTEL RITTENHOUSE ASSOCIATES, INC., Appellant,

Herbert S. Levin, Esq., Arbitrator.

Superior Court of Pennsylvania.

Argued Nov. 15, 1983.

Filed March 30, 1984.

Reargument Denied June 5, 1984.

Petition for Allowance of Appeal Denied Sept. 25, 1984.

358

Michael H. Egnal, Philadelphia, for appellant.

Alexander A. Disanti, Media, for Chervenak, appellee.

Barnett Satinsky, Philadelphia, for Levin, appellee.

Before SPAETH, President Judge, and BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant challenges the lower court's affirmance of an arbitration panel's award in favor of appellee. We hold that the court, finding no violation of the arbitration procedure, correctly confirmed the award and entered judgment. Accordingly, we affirm the order entered below.

On June 12, 1979, appellant, Hotel Rittenhouse Associates (HRA), and appellee, Chervenak, Keane and Co. (CKC), entered into a contract whereby appellee was to provide advisory services in certain technical support areas incident to the construction and pre-opening of appellant's hotel-condominium. Although the contract was for two years, appellant terminated appellee's services four months into the performance period. Because the contract provided for common law arbitration in the event of any dispute, the

matter was referred to an arbitration panel consisting of one member appointed by each of the two parties and a neutral member appointed by the lower court after the two initial appointees failed to agree on a third. Following a series of hearings before the panel, from December, 1980 to May, 1981, the majority of the panel determined that appellee was entitled to $100,020.00 damages incident to appellant's breach and an additional $30,000.60 interest computed in accordance with the contract's provisions. Appellee then petitioned the lower court to confirm the award and appellant petitioned for its vacatur. Following a hearing on the matter, the lower court confirmed the award and entered judgment in appellee's favor. This appeal followed.

Appellant contends first that the lower court erred in refusing to accept as admissions averments included in appellant's answer to appellee's Petition to Confirm the Arbitration Award. We find no merit in this contention. Pa.R.Civ.P. 209 provides:

If, after the filing and service of the answer, the moving party does not within fifteen days:

(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded to the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above ....

Appellant alleges that its averments numbered 18 through 35 must be accepted by the trial court as admitted by appellee and dispositive of the allegations contained therein. We find, however, that each of the averments in question was either unresponsive or improperly pleaded, and, as such, cannot be deemed admitted under Pa.R.Civ.P. 209(b). Appellant, after responding to paragraphs 1 through 17 in appellee's petition, made additional averments in a new section, titled "Additional Answer". None of the averments included in the "Additional Answer" responded to what was

set out in appellee's petition, but instead either challenged the arbitrators, their award or alleged gaps in the record, or constituted conclusions of law. Neither non-responsive or irrelevant averments, nor conclusions of law are deemed admitted under Pa.R.Civ.P. 209. *See* 1 Goodrich-Amram 2d 209:2; *Wagner's Appeal,* 143 Pa.Superior Ct. 407, 412, 17 A.2d 662, 664 (1940) ("[A]nswer was unresponsive and the averment irrelevant. Hence the court below was not obliged to accept it as true unless overcome by sufficient evidence submitted in the form of depositions or otherwise."). *See also Walnut-Juniper Co. v. McKee, Berger and Mansueto, Inc.,* 236 Pa.Superior Ct. 1, 344 A.2d 549 (1975), *citing Smith v. Dale,* 405 Pa. 293, 296, 175 A.2d 78, 80 (1961) (If moving party fails to exercise right to take depositions, then "the averments of the answer *so far as they are responsive to those of the petition,* would have to be taken as true.") (emphasis added). Accordingly, we find no merit in appellant's first contention.[1]

■ Appellant next alleges that the arbitrators' award must be reversed because the arbitrators employed an incorrect measure of damages and because of bias on the part of the chairman of the arbitration panel. We find no basis for these contentions because they fail to raise the award to the level of irregularity required for reversal of a common law arbitration award. In an appeal from a common law arbitration determination, "the appellant must show by clear, precise and indubitable evidence that he was denied a hearing, or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the arbitrator which caused him to render an unjust,

---

1. Appellee would have us characterize a number of the additional averments as affirmative defenses thereby requiring that they be pled as new matter. Appellee further argues that if new matter is unaccompanied by a notice to plead, then the additional averments are not deemed admitted if not responded to. *See* Pa.R.Civ.P. 1026, 1030. We do not find it necessary to determine whether any of appellant's additional averments are correctly labeled affirmative defenses because of our conclusion that these averments do not respond to appellee's petition, and as such, are not deemed admitted under Pa.R.Civ.P. 209.

inequitable or unconscionable award ...." *Harwitz v. Selas Corp. of America,* 406 Pa. 539, 542, 178 A.2d 617, 619 (1962). *See Runewicz v. Keystone Insurance Co.,* 476 Pa. 456, 383 A.2d 189 (1978); *Smaligo v. Fireman's Fund Insurance Co.,* 432 Pa. 133, 247 A.2d 577 (1968); *Sudders v. United National Insurance Co.,* 217 Pa.Superior Ct. 196, 269 A.2d 370 (1970), *aff'd,* 445 Pa. 599, 284 A.2d 500 (1971). "As to questions of law and fact, however [the arbitrators are] the final judge[s] and [the] award is not subject to disturbance of mistake of either." *Sudders v. United National Insurance Co., supra* 217 Pa.Super. at 200, 269 A.2d at 372. "[A] contrary holding would mean that arbitration proceedings instead of being a quick and easy mode of obtaining justice, would be merely an unnecessary step in the course of litigation, causing delay and expense, but settling nothing finally." *Westinghouse Air Brake Co. Appeal,* 166 Pa.Superior Ct. 91, 97, 70 A.2d 681, 684 (1950).

■ In an arbitration proceeding, an irregularity refers to the process employed in reaching the result of the arbitration, not to the result itself. *Press v. Maryland Casualty Co.,* 227 Pa.Superior Ct. 537, 540, 324 A.2d 403, 404 (1974). In *Allstate Insurance Co. v. Fioravanti,* 451 Pa. 108, 116, 299 A.2d 585, 589 (1973), our Supreme Court noted that:

> It is possible to hypothecate [sic] an arbitration award which imports such bad faith, ignorance of the law and indifference to the justice of the result as to cause us to give content to the phrase "other irregularity" since it is the most definitionally elastic of the grounds for vacatur.

In most cases where an irregularity is alleged, our appellate courts have denied relief. *See, e.g., Runewicz v. Keystone Insurance Co., supra* (appellant alleged arbitrator's award contradicted insurance policy language; no irregularity even though award patently at odds with contract); *Hain v. Keystone Insurance Co.,* 230 Pa.Superior Ct. 456, 459–60, 326 A.2d 526, 527 (1974) ("while the damages granted in this case may have been at variance with the language of [the insurance policy], we do not believe that the award meets the *Fioravanti* criteria for vacating an arbitration deci-

sion."). *Compare Paugh v. Nationwide Insurance Co.,* 278 Pa.Superior Ct. 108, 420 A.2d 452 (1980) (irregularity found when plaintiffs kept pertinent testimony from arbitrators, therefore precluding arbitrators from fashioning award limiting plaintiffs' possible double recovery).

■ First, addressing appellant's claim that the arbitrators' award was irregular because of the measure of damages employed, we find no irregularity sufficient to mandate reversal. Our Supreme Court has approved the following measure of damages:

> Where a contractor has partly performed an entire contract and is prevented from completing performance by the act of the other party or by law, we have said that he may recover in an action on the contract, and the measure of his damages is the contract price, less the reasonable cost of completing the work . . . .

*Hottinger v. Hoffman-Henon Co.,* 303 Pa. 283, 286–87, 154 A. 598, 599 (1931). *See also J.H. Harlow v. the Borough of Beaver Falls,* 188 Pa. 263, 41 A. 533 (1898). In the alternative, however, the lower court and appellee lead us to *W.T. Price, Inc. v. Robbins,* 298 Pa. 568, 148 A. 849 (1930) wherein the Court stated:

> True, defendant could stop the work during its progress, in which event the extent of his liability would be payment in full for work already done, and also such profits as plaintiff would have made on its completion.

The arbitrators evidently felt that this latter pronouncement was the appropriate measure of damages in the instant case. The arbitrators heard many hours of testimony and considered all of the parties' evidence and arguments concerning the proper measure of damages to be employed, including what the arbitrators considered adequate proof of appellee's expenditures. That the arbitrators chose to employ a measure more favorable to appellee may reflect on the existence of opposing interpretations of the law of damages but falls far short of "such an ignorance of the law and indifference to the justice of the result as would cause a court to vacate the award." *Hain v. Keystone*

*Insurance Co., supra* 230 Pa.Super. at 460, 326 A.2d at 528. Thus, we fail to find the award irregular because of the measure of damages.[2]

■ Appellant also challenges the award on the ground that the chairman of the arbitration panel evidenced such partiality during the proceedings as to prejudice appellant and result in an unconscionable award. The record reveals that on several occasions appellant's counsel caused proceedings scheduled in this case to be postponed, terminated or frustrated. Yet, appellant's counsel now complains that the chairman of the panel exhibited anger and bias *against him.* We note that the chairman specifically mentioned in his Supplemental Report to the lower court that his short-lived anger was directed at appellant's counsel and in no way prejudiced his view of appellant. Upon review of the record, we must agree with the lower court's comments regarding appellant's contention:

> We are both shocked and saddened by the actions of counsel in making this unwarranted assertion of bias on the part of [the chairman]. While we recognize the duty of counsel to advocate fully the cause of his client, we cannot and will not countenance unjustified and unsupported statements even when made as part of a legal memorandum.

> An examination of the record here shows several hearings over a period of time, the testimony of which resulted in a transcript of 1875 pages. All witnesses offered were permitted to testify and all counsel were given great leeway in questioning of the witnesses. [The chairman]

---

2. Appellant's reliance on *Reynolds Securities, Inc. v. Macquown,* 459 F.Supp. 943, 945 (E.D.Pa.1978), is misplaced. Appellant alleges that *Reynolds* supports its claim that an arbitration award may be reversed if "the arbitrator understood and correctly stated the law but proceeded to ignore it." *Id.* at 945. As the lower court noted, however, the *Reynolds* court, notwithstanding this comment, "held that in light of the limited scope of review to which it was bound, the Motion to Vacate the Award had to be denied. The Court, although it did not cite Pennsylvania law nevertheless did hold that 'A mere ambiguity or difference of interpretation is insufficient grounds for upsetting the decision rendered by the arbitrators.' *Reynolds, supra,* 459 F.Supp., at 945." (Lower Court op. at 11).

extended every courtesy to counsel in the face of conduct by counsel for the Defendant which could have easily warranted much less courteous treatment. The matter referred to by [the chairman] during the discussion which led to counsel's request for disqualification is but one example of this conduct. After all counsel, the arbitrators and the parties had agreed far in advance on a series of hearing dates, counsel scheduled conflicting engagements and then left a hearing prior to its conclusion. Despite this, [the chairman] required the witness, who had to come from New York, to return at a later date so that counsel could complete his cross-examination.

We could cite other examples of [the chairman's] judicious and proper handling of this very difficult matter, but we do not believe it necessary. The remarks made by [the chairman] were justified and in no event provide any basis for recusal.

(Lower Court Op. at 15–16).

Accordingly, having found no merit in appellant's contentions, we affirm the order of the court below confirming the arbitration panel's award.

Affirmed.