558 A.2d 891

**Morton A. SHAPIRO and Edie Shapiro, Appellees,**

**v.**

**KEYSTONE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 10, 1989.

Filed May 25, 1989.

398

Dennis Veneziale, Philadelphia, for appellant.

Lee Albert, Philadelphia, for appellees.

Before WIEAND, MONTEMURO and HOFFMAN, JJ.

WIEAND, Judge:

This is an appeal from an order refusing to vacate an arbitration award entered on an underinsured motorist claim. After careful review, we conclude that arbitration in Philadelphia County was improper and in contravention of the terms of the arbitration agreement which specifically provided for arbitration exclusively in the county in which the insured resided.

On November 22, 1985, Morton Shapiro, a resident of Cherry Hill, New Jersey, was injured in an automobile accident on Route 73, near Interstate 295, in Camden County, New Jersey. The third-party tortfeasor was insured under a policy of automobile insurance having a limit of liability of fifteen thousand ($15,000) dollars. The third party's carrier paid its policy limits to Shapiro. Shapiro's vehicle was insured under an automobile policy which had been issued by Keystone Insurance Company (Keystone), through its New Jersey Office. The policy contained under-insured motorist coverage. Claims for such benefits were subject to arbitration according to the following clause of the policy:

ARBITRATION

If we and a covered person do not agree:

    1. Whether that person is legally entitled to recover damages under this endorsement; or

    2. As to the amount of damages;

either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree

within 30 days, either may request that selection be made by a judge of a court having jurisdiction....

....

Unless both parties agree otherwise, arbitration will take place in the county in which the covered person lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

    1. Whether the covered person is legally entitled to recover damages; and

    2. The amount of damages.

A dispute arose between Keystone and Shapiro regarding the benefits to which the insured and his wife were entitled under the underinsured motorist coverage. On October 22, 1987, the Shapiros filed a Petition to Compel Appointment of Arbitrators in the Court of Common Pleas of Philadelphia, and caused a copy of the petition to be served on Keystone at its Philadelphia office. On December 17, 1987, the Philadelphia court appointed a panel of three arbitrators. Thereafter, Keystone filed a petition for reconsideration in which it alleged that the parties had agreed by their contract to arbitration only in Camden County, New Jersey. The petition for reconsideration was denied on February 18, 1988, as was a later request by Keystone to stay the arbitration proceedings. The arbitration hearing took place on February 25, 1989, in Philadelphia. Keystone attended for the sole purpose of objecting to holding the hearing in a place other than Camden County, New Jersey. After hearing, in which Keystone did not participate, an award was entered in favor of the claimants in the amount of one hundred four thousand ($104,000) dollars.[1] The Shapiros filed a petition to have the award confirmed, and Keystone filed a petition to have it vacated. The trial court denied the petition to vacate, and confirmed the award in favor of the Shapiros. This appeal followed.

---

1. The arbitrators awarded Morton Shapiro $2,500 for medical expenses, $16,500 for lost wages, and $80,000 compensation for pain and suffering. They also awarded to Myra (Edie) Shapiro the sum of $5,000.

The principles governing our standard of review in this matter were stated in *Chervenak, Keane & Co. v. Hotel Rittenhouse Associates, Inc.*, 328 Pa.Super. 357, 477 A.2d 482 (1984).

> In an appeal from a common law arbitration determination, "the appellant must show by clear, precise and indubitable evidence that he was denied a hearing, or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the arbitrator which caused him to render an unjust, inequitable or unconscionable award...." *Harwitz v. Selas Corp. of America*, 406 Pa. 539, 542, 178 A.2d 617, 619 (1962). *See Runewicz v. Keystone Insurance Co.*, 476 Pa. 456, 383 A.2d 189 (1978); *Smaligo v. Fireman's Fund Insurance Co.*, 432 Pa. 133, 247 A.2d 577 (1968); *Sudders v. United National Insurance Co.*, 217 Pa.Superior Ct. 196, 269 A.2d 370 (1970), *aff'd*, 445 Pa. 599, 284 A.2d 500 (1971). "As to questions of law and fact, however [the arbitrators are] the final judge[s] and [the] award is not subject to disturbance of mistake of either." *Sudders v. United National Insurance Co., supra* 217 Pa.Super. at 200, 269 A.2d at 372. "[A] contrary holding would mean that arbitration proceedings instead of being a quick and easy mode of obtaining justice, would be merely an unnecessary step in the course of litigation, causing delay and expense, but settling nothing finally." *Westinghouse Air Brake Co. Appeal*, 166 Pa.Superior Ct. 91, 97, 70 A.2d 681, 684 (1950).

In an arbitration proceeding, an irregularity refers to the process employed in reaching the result of the arbitration, not to the result itself. *Press v. Maryland Casualty Co.*, 227 Pa.Superior Ct. 537, 540, 324 A.2d 403, 404 (1974). In *Allstate Insurance Co. v. Fioravanti*, 451 Pa. 108, 116, 299 A.2d 585, 589 (1973), our Supreme Court noted that:

> It is possible to hypothecate [sic] an arbitration award which imports such bad faith, ignorance of the law and indifference to the justice of the result as to cause us to give content to the phrase "other irregularity" since it

is the most definitionally elastic of the grounds for vacatur.

In most cases where an irregularity is alleged, our appellate courts have denied relief. *See, e.g., Runewicz v. Keystone Insurance Co., supra* (appellant alleged arbitrator's award contradicted insurance policy language; no irregularity even though award patently at odds with contract); *Hain v. Keystone Insurance Co.*, 230 Pa.Superior Ct. 456, 459–60, 326 A.2d 526, 527 (1974) ("while the damages granted in this case may have been at variance with the language of [the insurance policy], we do not believe that the award meets the *Fioravanti* criteria for vacating an arbitration decision."). *Compare Paugh v. Nationwide Insurance Co.*, 278 Pa.Superior Ct. 108, 420 A.2d 452 (1980) (irregularity found when plaintiffs kept pertinent testimony from arbitrators, therefore precluding arbitrators from fashioning award limiting plaintiffs' possible double recovery).

*Id.* 328 Pa.Super. at 361–363, 477 A.2d at 485. See also: *Elkins & Co. v. Suplee*, 371 Pa.Super. 570, 576, 538 A.2d 883, 886 (1988); *Parking Unlimited Inc. v. Monsour Medical Foundation*, 299 Pa.Super. 289, 292–293, 445 A.2d 758, 760–761 (1982).

■■■ An arbitration award can be challenged if the arbitrators, in conducting hearings and making an award, exceed the power and authority given to them. This power and authority of the arbitrators is wholly dependent upon the terms of the agreement of the parties, who may place restrictions on their submission to arbitration. The arbitrators cannot validly determine a dispute if they violate or act inconsistently with the terms of the submission. *Sley System Garages v. Transport Workers Union of America, AFL–CIO, Local 700*, 406 Pa. 370, 374, 178 A.2d 560, 561 (1962); *Giant Markets, Inc. v. Sigma Marketing Systems, Inc.*, 313 Pa.Super. 115, 122, 459 A.2d 765, 768 (1983). See also: *Gaslin, Inc. v. L.G.C. Exports, Inc.*, 334 Pa.Super. 132, 139–140, 482 A.2d 1117, 1121 (1984) ("although the arbitrator is the final judge of law and fact, his power has

not been extended to the degree that he may determine his own jurisdiction, that is, whether the arbitration tribunal has the requisite power to hear the particular case brought before it."). In contrast, the fact that an arbitration clause directs a specific venue generally has no effect on the jurisdiction of a court of common pleas of a different county to appoint arbitrators, compel arbitration, or confirm an award. See: *Hade v. Nationwide Ins. Co.,* 349 Pa.Super. 541, 503 A.2d 980 (1986), *aff'd,* 519 Pa. 227, 546 A.2d 615 (1988).[2]

■ Nevertheless, "when an arbitration clause calls for arbitration in one particular county, parties to the contract are limited to that single forum even though the general venue rule, Pa.R.Civ.P. 2179, might allow for arbitration in any of several counties." *Id.* 349 Pa.Super. at 544, 503 A.2d at 982. This limitation is consistent with the general rule that an arbitration agreement must be given effect according to its terms. See: *Kuzmen v. Kamien,* 139 Pa.Super. 538, 12 A.2d 471 (1940). It is only where the place of arbitration is undetermined by the contract that the site of the arbitration proceedings becomes a mere procedural matter which may be left to the discretion of the arbitrators. See: *Friedman v. Friedman,* 277 Pa.Super. 428, 419 A.2d 1221 (1980).

■ In the instant case, the Court of Common Pleas of Philadelphia County had jurisdiction of appellant's person and could compel it to arbitrate Shapiro's claim. The court could enforce arbitration, however, only in accordance with the terms of the parties' agreement. Here, the parties had agreed to arbitrate only in Camden County, New Jersey, where the claimants resided and where, also, the policy had been sold and the accident had occurred. Arbitration in Philadelphia was in violation of the agreement to arbitrate. When the trial court declined to enforce the parties agreement and confirmed an award of arbitration held in violation of the agreement to arbitrate, it erred.

**2.** *Overruled on other grounds in Ostroff v. Keystone Ins. Co.,* 357 Pa.Super. 109, 123, 515 A.2d 584, 591 (1986) (en banc).

■ Appellees' contention that Keystone waived its objection to arbitration in Philadelphia is lacking in merit. Appellant has always objected to arbitration proceedings in Philadelphia. The fact that it did not appear to object to the court's appointment of arbitrators, which objection, as we have observed, would have been unavailing, did not prevent its insistence that arbitration take place in accordance with the agreement.[3]

It follows that the award of the arbitrators must be vacated, and the matter must be remanded so that arbitration can proceed in accordance with the parties' agreement.

Reversed and remanded for further proceedings in accordance with the foregoing opinion. Jurisdiction is not retained.

---

3. It is not highly unusual for the place of arbitration to vary from the place where arbitrators are appointed. See, e.g.: *Hade v. Nationwide Ins. Co., supra.*