583 A.2d 498

**Morton SHAPIRO and Edith Shapiro, Appellants,**

v.

**KEYSTONE INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1990.

Filed Dec. 17, 1990.

Lee Albert, Philadelphia, for appellants.

Dennis Veneziale, Philadelphia, for appellee.

Before CAVANAUGH, TAMILIA and HESTER, JJ.

CAVANAUGH, Judge:

The question on appeal is whether a Pennsylvania court should be required to order an arbitration proceeding which must take place in another state.

Morton A. Shapiro, a resident of Cherry Hill, New Jersey, was involved in a motor vehicle accident on November 22, 1985 on Route 75 near Interstate Route 295 in Camden County, New Jersey. At the time Shapiro had in force a motor vehicle insurance policy issued by appellee, Keystone Insurance Company, issued by Keystone to Shapiro through its New Jersey office. The policy contained underinsured motorist coverage.

After Shapiro was paid the limit of coverage ($15,000) by the carrier for the motorist alleged to be responsible for the accident, appellant sought, through the offices of his Philadelphia attorneys, to arbitrate the underinsured motorist claim. When Keystone would not agree to a Philadelphia arbitration, appellant filed a petition in the Philadelphia courts to compel appointment of arbitrators. Arbitrators were appointed and eventually entered an award of $104,-000.00. Keystone appeared during the proceedings only to oppose the jurisdiction of the arbitration proceedings in Pennsylvania. Following post arbitration proceedings the Philadelphia court affirmed the award and Keystone appealed to this court. Our court vacated the arbitrators' award and remanded "so that arbitration can proceed in accordance with the parties' agreement." *Shapiro v. Keystone,* 384 Pa.Super. 397, 558 A.2d 891 at 894 (1989). On remand, Shapiro again sought an order to compel arbitration. The

court, per D'Alessandro, J., refused to compel arbitration and this appeal by Shapiro follows.

In our previous decision, we excerpted the controlling portion of the parties' insurance contract:

If we and a covered person do not agree:

1. Whether that person is legally entitled to recover damages under this endorsement; or

2. As to the amount of damages; either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction....

> Unless both parties agree otherwise, arbitration will take place in the county in which the covered person lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the covered person is legally entitled to recover damages; and

2. The amount of damages.

*Id.,* 384 Pa.Superior Ct. at 399–400, 558 A.2d at 892.

After reviewing the pertinent cases which unquestionably severely circumscribe the power of courts to intervene in the arbitration proceedings and the broad powers of arbitrators acting under common law arbitration, *Shapiro I* nevertheless concluded that the prior arbitration proceedings in Philadelphia were improper. Noting that where the site of arbitration proceedings is determined by the insurance contract our court concluded:

> In the instant case, the Court of Common Pleas of Philadelphia County had jurisdiction of appellant's person and could compel it to arbitrate Shapiro's claim. The court could enforce arbitration, however, only in accordance with the terms of the parties' agreement. Here, the parties had agreed to arbitrate only in Camden County, New Jersey, where the claimants resided and where, also,

the policy had been sold and the accident had occurred. Arbitration in Philadelphia was in violation of the agreement to arbitrate. When the trial court declined to enforce the parties agreement and confirmed an award of arbitration held in violation of the agreement to arbitrate, it erred.

*Id.*, 384 Pa.Superior Ct. at 403, 558 A.2d at 894.

We believe that on remand, the trial court correctly refused to compel arbitration. Under Shapiro's reading of his contract and the Superior Court decision, the Philadelphia court is required to appoint (presumably, Philadelphia) arbitrators who would then journey to Camden County, New Jersey and there proceed with the arbitration. It is important to note that at the present juncture we are not dealing with the *power* of arbitrators or the power of a court, but rather which court is the appropriate forum under the governing arbitration agreement to enforce the agreement to arbitrate.

It has already been established in this matter that the arbitration must take place in the county where the covered person (Mr. Shapiro) lives. The applicable provision of the policy also provided that "local law as to procedure and evidence [apply]". Thus, it is clear that even if the Pennsylvania court would order the arbitration and in accordance with our prior decision direct that the proceedings take place in New Jersey, enforcement of the award would necessarily be a matter for the New Jersey courts. Our supreme court has appropriately stated:

> The authority of a court cannot extend beyond the territorial limits of the state by which it was created. Any attempt on its part to enforce its decrees and judgments beyond such limits constitutes an illegitimate assumption of power.

*Giampalo v. Taylor,* 335 Pa. 121, 128–129, 6 A.2d 499, 503 (1939).

We are constrained to agree with the trial court which denied appellant's second petition to compel arbitration to appoint Philadelphia arbitrators to proceed to arbitration in

Camden County, New Jersey. The court "declined", to so proceed and cited "principles of comity". There is clear authority for such a disposition, and we believe that the grant of appellant's petition would lead to an untoward result where the Pennsylvania courts were intruding in what, from a reading of the policy provision, appears to be a matter which the parties intended for the courts of the insured's domicile. Although not relied upon by the trial court, there is clear authority for his declination of jurisdiction. The Uniform Interstate and International Procedures Act provides:

(e) Inconvenient forum.—When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

42 Pa.C.S. § 5322(e).

We conclude that the court acted properly in declining to grant appellant's petition to appoint arbitrators.

Order affirmed.