683 A.2d 1216

**Martino and Roberto SANTIAGO, Appellants,**

v.

**STATE FARM INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Submitted July 15, 1996.

Filed Oct. 1, 1996.

344

Barry P. Ginsberg, Philadelphia, for appellants.

Alan F. Savitz, Philadelphia, for appellee.

Before DEL SOLE, KELLY and MONTEMURO,[1] JJ.

DEL SOLE, Judge.

Martina and Roberto Santiago appeal from an order denying their Petition to Compel Arbitration and Appointment of Arbitrators. We reverse.

[1] Retired Justice assigned to the Superior Court.

Martina Santiago (Santiago) was involved in a multi-vehicle accident which occurred in Montgomery County, Pennsylvania. Her vehicle was insured by a policy issued in New Jersey by State Farm Insurance Company (State Farm). After the third-party tortfeasor's carrier paid its policy limits ($50,000) to Santiago, she applied to State Farm to obtain underinsurance compensation (UIM) under the underinsured motorist's provision of that policy. State Farm declined coverage, based upon New Jersey law which provides that an insured is eligible for underinsurance only to the extent that her UIM coverage ($25,000) is greater than the coverage available from the tortfeasor, so-called "gap" coverage. Because Santiago received an amount greater than her own UIM limit, under New Jersey law, State Farm claimed she was an ineligible claimant.

Pursuant to State Farm's denial of UIM coverage, the Santiagos filed a Petition to Compel Arbitration and to Appoint Arbitrators in the Philadelphia Court of Common Pleas. In their Petition they claimed to have resided in Philadelphia County at the time of the accident. In response, State Farm filed an Answer and Cross–Motion to Transfer Venue to the State of New Jersey based upon an arbitration clause in the policy which states:

The arbitration shall take place in the county in which the **insured** resides unless the parties agree to another place.

The trial court denied the Santiagos' Petition to Compel Arbitration and Appoint Arbitrators, finding that pursuant to the terms of the policy, arbitration should be held in New Jersey, where the insured resided when the policy was issued and delivered and where Appellants presently reside. The instant appeal was timely filed by Appellants in an attempt to challenge this ruling.

The procedure for a court to compel arbitration in Pennsylvania is stated in 42 Pa.C.S.A. § 7304:

**Court proceeding to compel or stay arbitration:**

(a) Compelling arbitration.—On application to a court to compel arbitration made by a party showing an agreement

described in section 7303 (relating to validity of agreement to arbitrate) and a showing that an opposing party refused to arbitrate, the court shall order the parties to proceed with arbitration. If the opposing party denies the existence of an agreement to arbitrate, the court shall proceed summarily to determine the issue so raised and shall order the parties to proceed with arbitration if it finds for the moving party. Otherwise, the application shall be denied.

42 Pa.C.S.A. § 7304

■ When presented with a petition to compel arbitration the court is to determine whether an agreement to arbitrate the controversy exists. "If a valid arbitration agreement exists between the parties and appellant's claim is within the scope of the agreement, the controversy must be submitted to arbitration." *Messa v. State Farm Ins. Co.*, 433 Pa.Super. 594, 600, 641 A.2d 1167, 1170 (1994).

■ The policy issued by State Farm in this case clearly calls for the resolution of disputes regarding underinsured motorists benefits to be handled by arbitration. The pertinent section of the policy states:

If there is no agreement, these questions (Deciding Fault and Amount) shall be decided by arbitration upon written request of the insured or us. Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on the third one within 30 days either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on each party.

This section of the policy explicitly demonstrates the agreement to arbitrate. However, State Farm argued before the trial court that the language of the policy's arbitration provision provides that arbitration can only be convened in Camden County, New Jersey. Appellants disputed this reading of the policy provision which calls for arbitration to take place in the county in which the insured "resides," and argued that the critical period for determining their residency was when the

accident occurred and that at that time, they resided in Philadelphia County. The trial court interpreted the policy and found that since the insureds were residing in Camden County, New Jersey when the policy in question was issued and delivered, and it is where they were residing when it issued its ruling, the parties will be found to have agreed to arbitrate their dispute in Camden County, New Jersey.

We will neither agree nor disagree with the trial court's interpretation of the policy language at issue because interpretation of disputed or ambiguous terms within the contract was not an appropriate function for the court to have taken at that time. The trial court was asked to rule on a Petition to Compel Arbitration. The only matter properly before it was whether an agreement to arbitrate the dispute existed. When it became apparent that such an agreement did exist, the court should have ordered arbitration. It is for the arbitrators to interpret the relevant policy provisions and to make a finding regarding Appellants' residency at that relevant time. "[I]f a dispute between parties is properly the subject of an agreement to arbitrate, arbitration is the procedure to follow." *Messa v. State Farm Ins. Co., supra.*, at 599, 641 A.2d at 1169. The arbitrators are then to resolve all questions of law and fact. *Id.*

The Trial Court relied upon the case of *Shapiro v. Keystone Insurance Company*, 384 Pa.Super. 397, 558 A.2d 891 (1989) in issuing its ruling. The facts of *Shapiro, supra*, are strikingly similar to the instant case, however the procedural posture of the cases are not. Shapiro was a motorist who resided in New Jersey, was insured by a New Jersey policy, was in an accident in New Jersey and tried to compel arbitration in Pennsylvania. Shapiro, like Appellants in this case, was disputing the amount he was insured under his underinsured motorist coverage.

After arbitration was compelled and resolved in Philadelphia County, which was consistently challenged as being an improper venue by Appellee (Keystone Ins.), Shapiro filed a petition to have the award confirmed, and Keystone filed a petition to have it vacated. The trial court denied the petition

to vacate and ultimately confirmed the award. On appeal we reversed, holding that the trial court's confirmation of the arbitrators' award was in violation of the agreement to arbitrate. This court concluded that the arbitrators erred in rejecting the insurer's argument that the parties had agreed by their contract to arbitrate in New Jersey. The court found that it "could enforce arbitration, ..., only in accordance with the terms of the parties' agreement." *Id.* at 403, 558 A.2d at 894.

While New Jersey was ultimately found to be the place where the parties agreed to arbitrate in *Shapiro,* the instant case is not yet at the proper stage for a similar analysis to be applied. The matter in *Shapiro* was first presented before a panel of arbitrators after arbitration was compelled. On appeal from the court's decision to confirm the arbitration award, this court noted that an arbitration decision can be challenged if the arbitrators exceeded the power and authority given to them in conducting a hearing and making an award. Because the power and authority of the arbitrators is dependent upon the terms of the agreement, they cannot validly determine a dispute if they violate or act inconsistently with the terms of the submission. *Id.* It remains, however, the duty of the arbitrators initially to interpret the terms of the agreement. Any errors made when undertaking such an interpretation which govern the power and authority of the arbitrators can be considered by a court when ruling on a petition to confirm or vacate the award.

We conclude that, when the trial court was asked to consider a petition to compel arbitration, it was premature for it to make factual findings and interpret what is apparently ambiguous language in the policy. Since the court found the parties had an agreement to arbitrate, its task was complete and arbitration should have been ordered. For this reason, we reverse the trial court's order and remand for proceedings consistent with this opinion.

Order reversed. Jurisdiction relinquished.