## Bowdren v. Prudential Insurance Co.

*Bernard M. Gross,* for plaintiff.
*David M. McCormick,* for defendant.

HERRON, *J.,* January 24, 2001—

## INTRODUCTION

The issue presented in this motion to compel appointment of arbitrators is whether arbitration should be

compelled where the relevant arbitration provision sets forth limitations to arbitration that are contradictory and thus, ambiguous. For the reasons set forth below, this court concludes that the ambiguities in the policy must be interpreted against the insurer/drafter of the policy.

## FACTUAL BACKGROUND

Petitioner William Bowdren, a Philadelphia police officer, was injured on March 23, 2000, while a passenger in an unmarked police car that was struck by an uninsured motorist.[1] At the time of the accident, Mr. Bowdren was performing surveillance operations in plainclothes. The vehicle Mr. Bowdren occupied was from a fleet of 4 or 5 unmarked vehicles that were supplied to officers on surveillance duty.[2]

Mr. Bowdren subsequently sought to recover underinsurance motorist benefits pursuant to a policy that was issued to his mother by Prudential Property and Casualty Insurance Company (PRUPAC).[3] In fact, he is listed

---

1. Petition, ¶5 and petitioner's response memorandum. Petitioner suggests that he is presently seeking underinsurance benefits, rather than uninsured benefits, because he received a payment of $15,000 from his uninsured motorist carrier. Petition, ¶¶6-7. Prudential Property and Casualty Insurance Company, however, properly notes that if Mr. Bowdren was struck by an uninsured motorist, he is seeking uninsured benefits. PRUPAC's response, ¶9. The policy at issue, for instance, characterizes the benefits strictly in terms of the status of the motor vehicle causing the injury (*i.e.,* underinsured or uninsured). See *e.g.,* PRUPAC policy, part 4 at 2. PRUPAC concedes that the language relating to arbitration is the same whether for uninsured or underinsured benefits. PRUPAC'S response, ¶10. This opinion, therefore, will analyze petitioner's claims for uninsurance benefits.

2. Petitioner's response memorandum at 1.

3. Petition, ¶¶1-3. Respondent notes that it was mistakenly identified as Prudential Insurance Company while its proper name is Prudential Property and Casualty Company or "PRUPAC." PRUPAC's response, ¶1.

on the declarations page of the policy under the heading "Licensed operator(s) in your household." Petitioner's exhibit A; PRUPAC's exhibit B. When PRUPAC refused coverage, Mr. Bowdren requested arbitration pursuant to the policy. When this request was denied, he filed a motion to compel arbitration.

PRUPAC objects to this motion arguing, inter alia, that Mr. Bowdren is not an insured because of an exclusion within the policy that would not cover him "while occupying a vehicle regularly supplied for his use and which he was, in fact, using in the course and scope of his employment at the time of the alleged accident." Response, ¶5. PRUPAC therefore argues that Mr. Bowdren's claim should not be submitted to arbitration. Mr. Bowdren counters that the critical language concerning the non-owned vehicle is ambiguous and must therefore be construed against the insurer. Petitioner's response memorandum at 1-2. This court notes, in addition, that the policy language as to the scope of arbitration is ambiguous and contradictory. It is this language that determines the narrow, procedural issue before this court: whether arbitration should be compelled. It is this language that must be construed against the insurer for the reasons set forth below.

## Legal Analysis

The standards for review of a motion to compel arbitration are well established. When presented with a contested petition to compel arbitration, a court's role is limited to determining "(1) whether an agreement to arbitrate was entered into and (2) whether the dispute involved comes within the ambit of the arbitration provision." *Messa v. State Farm Insurance Co.,* 433 Pa. Super. 594, 597, 641 A.2d 1167, 1168 (1994). See also,

*Santiago v. State Farm Insurance Co.,* 453 Pa. Super. 343, 346, 683 A.2d 1216, 1217-18 (1996). A motion to compel arbitration should not be denied "on the ground that the controversy lacks merit or bona fides or on the ground that no fault or basis for the controversy sought to be arbitrated has been shown." *Borgia v. Prudential Insurance Co.,* 561 Pa. 434, 750 A.2d 843, 846 (2000) (quoting 42 Pa.C.S. §7304(e)).[4] The frame of reference of any analysis, therefore, must be the actual language of the relevant arbitration provision.

The PRUPAC policy in the present case contains the following provision for arbitration:

"Arbitration

"If *we* and an *insured* do not agree:

"(1) Whether that person is entitled to recover damages resulting from the negligence of the owner or operator of an uninsured *motor vehicle, or*

"(2) As to the amount of compensatory damages;

"Either party may make a written demand for arbitration. In this event, each party will select an arbitrator from the county where the insured lives. The two arbitrators will select a third arbitrator from the same county. If they cannot agree within 30 days, either party may request selection from a judge of a common pleas court having jurisdiction where the insured claiming coverage lives; or by a judge in the federal district court whose jurisdiction includes the county where the insured claiming coverage lives.

---

4. The PRUPAC policy provides that arbitration shall be conducted according to the provisions of the Pennsylvania Uniform Arbitration Act and the Pennsylvania Arbitration Act of 1927. PRUPAC policy, part 4 at 6. The provisions of 42 Pa.C.S. §7304 for compelling arbitration apply equally to statutory or common-law arbitration. *Messa,* 433 Pa. Super. at 597, 641 A.2d at 1168.

"Each party will:

"(1) Pay the expenses it incurs; and

"(2) Bear the expenses of the third party equally.

"Arbitration will be conducted in the county where the insured lives. Local rules of procedure and evidence will apply to the entire arbitration process." PRUPAC policy, part 4 at 5-6.

In addition to the above description of the scope of arbitration, the PRUPAC policy also sets forth a limitation on arbitrable issues:

"*We* will not arbitrate questions of coverage of law as to whether a person making a claim is covered under the policy, or is excluded under the policy. All disputes affecting the scope of coverage, the amount of coverage, a person's right or eligibility to make a claim, or the insureds selection of coverage, will be determined by the court in the county where the insured lives at the time the demand for arbitration is made; or a federal district court whose jurisdiction includes the county where the insured lives." PRUPAC policy, part 4 at 6.

In interpreting an insurance policy, the objective is to discern the intent of the parties as expressed in the written language. *Hamilton Bank v. INA,* 384 Pa. Super. 11, 15, 557 A.2d 747, 750 (1989). The first paragraph of this arbitration provision outlines a broad scope for arbitration that is quite similar to the language the Pennsylvania Supreme Court analyzed in *Brennan v. General Accident Fire & Assurance Corp.,* 524 Pa. 542, 574 A.2d 580 (1990). The PRUPAC policy provides that arbitration may be requested:

"If we and an insured do not agree:

"(1) Whether that person is entitled to recover damages resulting from the negligence of the owner or operator of an uninsured motor vehicle, or

"(2) As to the amount of compensatory damages." PRUPAC policy, part 4 at 5.

The policy the Pennsylvania Supreme Court analyzed in *Brennan* provided:

"If we and the covered person disagree whether that person is legally entitled to recover damages from the owners or operator of an underinsured motor vehicle, or do not agree as to the amount of damages, either party may make a written demand for arbitration." *Brennan,* 524 Pa. at 548, 574 A.2d at 582.

The two prong test in both policies is cast in terms of (1) a covered person or insured's "entitlement" to damages and (2) a dispute over the amount of damages.[5] The *Brennan* court interpreted this language as creating a broad scope of arbitration:

"A review of the language of the arbitration clause reveals that arbitration is mandated whenever the insured and insurer disagree *as to when a party is legally entitled to recover damages. There is no limit to the jurisdiction of the arbitrators over what issues may be submitted* and in fact the policy declares that all disputes between the insurance company and the insured will be arbitrated." *Brennan,* 524 Pa. at 549, 574 A.2d at 583. (emphasis added)

The PRUPAC policy, in contrast, does purport to set limitations on the scope of arbitration. Pennsylvania courts have repeatedly recognized the general principle, that the scope of arbitration may be limited. See *e.g.,*

---

5. The policy at issue in *Brennan* was governed by common-law arbitration in contrast to the provision for statutory arbitration in the PRUPAC policy. As previously discussed, the same principles apply for compelling either common-law or statutory arbitration. See n.4 *supra.* A critical distinction is the standards for reviewing an *award* under these two rules for conducting arbitration. *Brennan,* 524 Pa. at 549, 574 A.2d at 583.

*National Grange Mutual Insurance Co. v. Kuhn,* 428 Pa. 179, 185, 236 A.2d 758, 761 (1968) ("the policy language is the company's and it may, if it so desires, alter that language to limit arbitration to only those issues it desires to be arbitrable"). As the Pennsylvania Superior Court has observed, "if the agreement or contract *clearly* includes or excludes particular issues or remedies from arbitration, a court may so hold without submitting these matters to arbitration." *PBS Coal Inc. v. Hardhat Mining Inc.,* 429 Pa. Super. 372, 377, 632 A.2d 903, 905 (1993). (emphasis added)

The problem, however, is that the stated limitations in the PRUPAC policy are not clear. Instead, the limitations are mechanically juxtaposed after language similar to that which the *Brennan* court interpreted as providing that all disputes as to an insured's legal entitlement to recover damages should be submitted to arbitration. On one hand, the arbitration provision provides that all issues of whether a person is entitled to recover damages is arbitrable, while on the other, in equally broad terms the policy states that "We will not arbitrate questions of coverage or law as to whether a person making a claim is covered under the policy, or is excluded under the policy." Compare PRUPAC policy, part 4 at 5 with PRUPAC policy, part 4 at 6. PRUPAC ostensibly relies on the "limiting" provisions to support its argument that under its policy "issues of coverage or eligibility or exclusion of an individual from coverage are not for the arbitrators and are exclusively for the courts." PRUPAC's response memorandum at 12. This argument, however, is unconvincing because the purported limitations must be reviewed within the context of the entire arbitration provision. *Madison Construction Co. v. The Harleysville Mutual Insurance Co.,* 451 Pa. Super. 136,

142, 678 A.2d 802, 805 (1996) ("to determine whether a term or language in a policy provision is ambiguous, the term or language must be considered in the context of the entire policy").

Reading the purported limitations in the context of the entire arbitration provision leads to the conclusion that it is ambiguous and contradictory so that a court attempting to apply it is faced with an almost Alice-in-Wonderland dichotomy. Because these provisions are subject to at least two interpretations, they are ambiguous. Courts have found a contract ambiguous "when a policy provision is reasonably susceptible of more than one meaning." *Weisman v. The Green Tree Insurance Co.,* 441 Pa. Super. 549, 552, 670 A.2d 160, 161 (1996); *Lebanon Coach Co. v. Carolina Casualty Insurance Co.,* 450 Pa. Super. 1, 9, 675 A.2d 279, 283 (1996), *appeal denied,* 546 Pa. 695, 687 A.2d 378 (1997).

In the instant case, the PRUPAC arbitration provision is subject to more than one meaning: it can be read as simultaneously stating that issues of entitlement to recovery are arbitrable but issues of coverage are not arbitrable. These conflicting provisions must be construed against the insurer. Under controlling precedent, ambiguous provisions in an insurance policy must be construed against the insurer. *Borgia v. Continental Insurance Co. v. Prudential Insurance Co.,* 561 Pa. 433, 447, 750 A.2d 843, 850 (2000); *Brennan,* 524 Pa. at 549, 574 A.2d at 583. As the *Borgia* court recently observed when concluding that an arbitration provision was ambiguous:

"Pursuant to *Kuhn* and *Brennan,* such ambiguity is not to be resolved by inserting into the arbitration agreement a requirement for court proceedings to resolve the purported threshold issue, but by applying the settled

principle that ambiguous language is to be interpreted against the drafter—in this case Prudential." *Borgia,* 561 Pa. at 447, 750 A.2d at 850.

## CONCLUSION

For these reasons, petitioner's motion to compel arbitration is granted.

## ORDER

And now, January 24, 2001, upon consideration of the petition to compel arbitration, and the response thereto of Prudential Property and Casualty Insurance Company, it is hereby ordered that this petition is granted.

Respondent shall appoint an arbitrator on its own behalf within 30 days of this order. If respondent fails to appoint a defense arbitrator, this court will do so upon application by either party. The arbitrators shall select a neutral arbitrator and upon failing to do so on or before April 2, 2001, this court upon letter request will designate a neutral arbitrator.